JOSEPH A. HIGGINS *vs.* THE HARTFORD COUNTY BAR
ASSOCIATION.

First Judicial District, Hartford, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 10th—decided March 3d, 1930.

*Joseph A. Higgins,* appellant (petitioner) *pro se.*

*James W. Carpenter,* for the appellee (respondent).

BANKS, J.    To entitle an applicant for admission to the bar of this State to take the required examination he must, in addition to other requirements, satisfy the Bar Examining Committee that he is a person of good moral character, that he has filed with the clerk of the Superior Court in the county in which he intends to apply for admission a notice of his intention to apply for examination, and that subsequently, at a meeting of the bar, it was voted to approve such intended application.    Practice Book, pp. 237-239, § 4.

In the case of *O'Brien's Petition,* 79 Conn. 46, 63 Atl. 777, the "notice of intention" of an applicant for admission to the bar of Fairfield County was referred to its standing committee on admissions which, after investigation of his moral character and qualifications, filed a report advising that he be not recommended for examination, which report was accepted by the bar and action taken accordingly.    We there pointed out that long before the adoption of the Constitution of this State it was, and ever since has been, the settled and unbroken practice of our courts, under legislative sanction and authority, to admit no one as an attorney not recommended by the bar of the county; and of the bar to recommend no one of whose moral character it was not well satisfied after a careful and impartial investigation; that an American citizen had no inherent right to enter upon the public profession of the

law, and that there is nothing in our Constitution or the Fourteenth Amendment of the Federal Constitution which abridges in these respects the long-established powers of court and bar. We accordingly held that the investigation into the applicant's moral qualifications might well be made by a committee of the bar appointed for that purpose, which was not obliged to give him the names of those appearing before it, that he was not entitled to be heard at the bar meeting upon the question of the adoption of the committee's report, and that upon his petition to the Superior Court that court might inquire whether the bar, in withholding its recommendation, had acted fairly and reasonably or from prejudice, but that it did not err in refusing to hear evidence as to the petitioner's qualifications. Our decision in that case disposed, adversely to the plaintiff's contentions, of many of the assignments of error most strenuously urged by him upon this appeal.

The plaintiff's appeal contains some one hundred and seventy assignments of error. Most of them are utterly devoid of merit. Certain interlocutory rulings which are attacked, including the denial of plaintiff's motion for oyer, motion to expunge and motion to strike out certain testimony, were clearly correct and in any event could not have affected the judgment. The unsubstantial nature of many of the assignments is indicated in the fact that various paragraphs of the appeal predicate error upon the alleged failure of the court to file a finding in the face of the finding appearing in the record. A large number of paragraphs of the appeal attack the judgment by merely reciting that the court erred in denying and refusing to grant the various claims and prayers of the plaintiff for relief. The plaintiff upon the trial offered to introduce evidence for the purpose of showing his general fitness, competency and moral qualifications for admission to

the bar, which the court excluded upon the ground that such qualifications were not before it for determination and the plaintiff duly excepted. This ruling was correct. *O'Brien's Petition, supra.* The plaintiff assigned as error the failure of the court to set out in the finding the numerous exceptions taken by the plaintiff and allowed by the court throughout the trial. This the court was not obliged to do since the request for a finding did not set forth the rulings upon the evidence as required by our rule. Practice Book, p. 272, § 133.

The fundamental issue before the trial court was whether the committee of the bar and the bar acted fairly and reasonably or from prejudice and ill-will in their consideration of the plaintiff's application. This issue the court resolved adversely to the plaintiff in its finding that the approval of his application was withheld after a fair investigation of the facts, and that the action of the committee on admission and of the bar was regular, fair and not the result of prejudice or ill-will, nor was it the result of any conspiracy on the part of any members of the bar to prevent the applicant securing the approval of the bar as claimed by him. This finding is supported by the subordinate facts found and must stand unless deprived of such support by a correction of the finding. No motion to correct the finding was made in the court below. In his reasons of appeal the plaintiff asserts that the court erred in refusing to find true and proven each of the one hundred and four paragraphs of his draft-finding, and in finding the facts contained in twenty paragraphs of the finding, and has procured the certification of all the evidence taken upon the trial. These assignments of error are not in the proper form to obtain a correction of the finding in this court, and since the evidence is before us for that purpose only we would ordinarily refuse to consider it. *Hartford-Connecticut Trust Co.*

v. *Cambell,* 97 Conn. 251, 254, 116 Atl. 186; *Siller* v. *Philip,* 107 Conn. 612, 614, 141 Atl. 872. The plaintiff tried his own case and prepared and argued his appeal in this court and is not presumed to be familiar with the practice and procedure upon appeals to this court. For this reason and for the further reason that upon the record and in the brief of the plaintiff there appear charges of conspiracy and serious misconduct upon the part of members of the bar of Hartford County who are officers of the court, we have felt justified in examining the evidence for the purpose of ascertaining whether the finding should be corrected in any of the respects now claimed by the plaintiff. The plaintiff's draft-finding contains numerous paragraphs reciting evidential matter and wholly immaterial facts, together with statements of his claims for relief and of claimed errors of law. It does not contain any material facts which were admitted or undisputed and which are not incorporated in the finding of the court. A careful study of all the evidence certified discloses not only that the court has not found any material fact without evidence, but that the evidence conclusively establishes that the plaintiff's qualifications for admission to the bar were fully and carefully investigated by a committee of high character and entire impartiality, that its report was made after a careful examination of his past record and present reputation, and that both the committee and the bar acted fairly and reasonably, and that their action was regular in all respects and not the result of prejudice or ill-will toward the plaintiff. The record is barren of any evidence of substance in support of the plaintiff's claim, made throughout the trial and in his brief in this court, of the existence of a conspiracy among certain members of the bar of Hartford County to prevent his admission to the bar. The record discloses that the rights of the plaintiff were

scrupulously protected upon the trial, that he was given the widest latitude in the presentation of his case, of which he took advantage by offering a mass of immaterial evidence and making unsupported charges, and that the criticism in his argument and brief of the conduct of the trial are wholly without justification.

There is no error.

In this opinion the other judges concurred.