IN RE APPLICATION OF HARRY R. WARREN FOR
ADMISSION TO THE BAR

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued December 7, 1961—decided February 20, 1962

*Charles Henchel,* for the appellant.

*Abraham S. Ullman,* for the appellee (standing committee for New Haven County on recommendations for admission to the bar).

BALDWIN, C. J. On December 13, 1957, Harry R. Warren filed an application with the clerk of the Superior Court in New Haven County for admission to the bar on motion and without examination. It was accompanied by his sworn statement on the form furnished him and by supporting affidavits. Practice Book § 8.[1] The application was referred to the standing committee on recommendations for admission to the bar, under the rule. The committee was composed of five members, one of whom did not participate in its deliberations and report because of a disqualification due to a possible personal interest. The committee requested and received, pursuant to its practice, a report on the applicant from The National Conference of Bar Ex-

[1] "[Practice Book] Sec. 8. ADMISSION OF ATTORNEYS OF OTHER STATES. Any member of the bar of another state, who, after satisfying the state bar examining committee that his educational qualifications are such as would entitle him to take the examination in this state or would have entitled him to take the examination in this state at the time of his admission to the state bar of which he is a member, shall satisfy the appropriate standing committee on recommendations for admission that (1) he is of good moral character; (2) he has actually practiced law for at least five years in the highest court of original jurisdiction in one or more states, or in one or more district courts of the United States, and is in good standing, provided if he has taken the bar examinations of this state and failed to pass them, he has actually practiced law at least ten years in such court or courts, and is in good standing; (3) is a citizen of the United States; (4) for not less than six months immediately preceding the application has been an actual resident of this state; and (5) intends to devote the major portion of his practice of the law to the state of Connecticut, may be admitted by the court as an attorney without examination upon written application and the payment to the clerk of a fee of $100, upon compliance with the following requirements: Such application, duly verified, shall be filed in duplicate with the clerk of the superior court in the county in which the applicant resides and shall set forth his qualifications as hereinbefore provided. There shall be filed with such application the following certificates or affidavits, with one copy of each: Affidavits signed by two attorneys who personally know the

aminers and conducted two interviews with the applicant.

On January 8, 1960, the committee's report was submitted to a duly called meeting of the members of the bar of New Haven County. The committee reported that it could not find that the applicant had met all of the requirements of § 8 of the rules of the Superior Court and recommended that the applicant not be admitted. Members of the bar at the meeting requested that the chairman of the committee state the reasons for its recommendation, but he said that its information was of a confidential nature which it could not furnish without an order of court. The meeting was adjourned to January 22, 1960, without any action being taken upon the

applicant certifying to his good moral character and supporting, to the satisfaction of the standing committee on recommendations for admission to the bar, his actual practice of law as defined under (2) of this section; an affidavit signed by two members of the bar of this state of at least five years' standing that the applicant is of good moral character and has actually resided in this state for not less than six months immediately preceding the date of the filing of his application; and a certificate from the state bar examining committee that his educational qualifications are such as would entitle him to take the examination in this state or would have entitled him to take the examination in this state at the time of his admission to the state bar of which he is a member. Upon the filing of such application, certificates and affidavits, said clerk shall send a copy thereof to the chairman of the standing committee on recommendations for admission to the bar. When said committee shall have acted upon the application it shall notify said clerk and he shall give notice to every member of the bar of the county of a meeting of the bar of the county at which the report of the standing committee on recommendations upon the application will be presented. After said application is acted upon at such bar meeting, the standing committee on recommendations for admission shall file with the clerk a copy of its report, with the action of the meeting indorsed thereon. The application for admission may then be claimed for the short calendar, of which claim the clerk shall give notice to every member of the bar of the county. . . ." (Section as effective May 15, 1957.)

recommendation or the application but with the instruction that the committee obtain a ruling from the judges as to whether it should disclose the reasons for its recommendation. Thereafter, the committee conferred with the presiding judge of the Superior Court sitting at New Haven. He declined to act on the ground that he did not have authority to intervene at that point in the proceedings. On January 22, a duly warned meeting of the bar was held, the chairman of the committee reported that he was unable to procure an order of the judges authorizing him to disclose the committee's reasons for its recommendation, and, after discussion, a motion that the meeting accept the committee's recommendation was declared lost and the meeting was adjourned. The committee then filed its report with the clerk of court, together with a transcript of the proceedings at the meetings of the bar on January 8 and 22, 1960. See Practice Book § 8.

On February 19, 1960, the applicant, by his counsel, claimed his application for a hearing at short calendar. See Practice Book § 8. At a hearing on March 11, 1960, the court ordered the committee to present information as to its proceedings and its reasons for its recommendation and continued the hearing until March 25, 1960. Thereafter, the committee filed with the court a statement setting forth the reasons for its recommendation. This statement recited instances of alleged inconsistencies and misrepresentations contained in the documents submitted by the applicant. It expressed the committee's belief, on the basis of information secured by it from others, that, despite the applicant's explanation, there was a deliberate attempt to mislead and that in his personal interviews he was "evasive and lacking in candor and frankness." For these

reasons, the committee reported that it was not satisfied that he was of good moral character as required by the rule. In a concluding paragraph, the committee stated that "upon the application being referred to it, in accordance with its practice, it requested a character report from The National Conference of Bar Examiners, which is issued only on the understanding that it will be regarded as a confidential document. The contents of such report were studied by the Committee. The Committee also interviewed the applicant personally on two occasions. Consideration was also given by the Committee to the verified application of the applicant and to a letter and other documents he submitted under date of June 15, 1959."

Notice of the hearing on March 25, 1960, was duly given to all the members of the bar in New Haven County. See Practice Book § 8. No further meeting of the bar was held to consider the statement furnished by the committee under order of the court, but it was available to all in the clerk's office. At the hearing on March 25, 1960, the applicant claimed that the statement should be referred to a meeting of the bar, but the court denied this claim. At the hearing, the applicant made what he describes as an offer of proof concerning the committee's statement. This, in substance, was designed to explain in written form, with supporting documents, the alleged inconsistencies and misrepresentations recited in the committee's statement. The chairman of the committee personally advised the court at the hearing that a report on Warren's application had been requested from The National Conference of Bar Examiners, that the report was received, examined and discussed by the members of the committee and that the committee's report was based

on this report and its contents and two interviews with the applicant as well as on papers submitted by him. The court excluded the applicant's offer of proof. It concluded that "the report of the Committee was based on its examination of the application submitted by the applicant, evidence and documents offered by him, the confidential report from The National Conference of Bar Examiners and two interviews with said applicant"; that the committee gave full, complete and thorough consideration to the application and all the material available to it; that it acted fairly, reasonably and without prejudice after a fair investigation of the facts; and that its conclusion that the applicant failed to satisfy it that he was of good moral character could not be disturbed. The court denied the application, and the applicant has appealed.

"Fixing the qualifications for, as well as admitting persons to, the practice of law in this state has ever been an exercise of judicial power." *Heiberger* v. *Clark,* 148 Conn. 177, 185, 169 A.2d 652, and cases cited. This power has been exercised with the assistance of committees of the bar appointed and acting under rules of court. Practice Book §§ 2, 7; *Heiberger* v. *Clark,* supra, 186; *State ex rel. Bazil* v. *Boardman,* 127 Conn. 475, 477, 18 A.2d 370; *Rosenthal* v. *State Bar Examining Committee,* 116 Conn. 409, 415, 165 A. 211. Although these committees have a broad power of discretion, they act under the court's supervision. *In re Application of Dodd,* 132 Conn. 237, 244, 43 A.2d 224; see *Grievance Committee* v. *Broder,* 112 Conn. 263, 265, 152 A. 292. It is the court, and not the bar, or a committee, which takes the final and decisive action. *Heiberger* v. *Clark,* supra, 183, and cases cited therein.

In this case, the committee's report recommended

that the application be denied. At the hearing on March 25, 1960, the court had before it the application for admission, with supporting documents, as well as the report of the committee and the statement filed by it pursuant to the court's order of March 11, 1960. The applicant's offer of proof, made at the hearing on March 25, was excluded by the court on the ground that it "would not go behind the report if the Committee had acted fairly, reasonably and without prejudice." In *O'Brien's Petition,* 79 Conn. 46, 55, 63 A. 777, we held that the court had "rightly declined to hear evidence as to questions the decision of which was entrusted to the State bar examining committee" and that it was "proper for [the court] to inquire whether the approval of the bar was withheld after a fair investigation of the facts." We have since adhered to that rule generally, stating that the issue before the court is whether the committee or the bar, in withholding its approval for admission, acted arbitrarily or unreasonably or in abuse of its discretion or without a fair investigation of the facts. *Higgins* v. *Hartford County Bar Assn.,* 111 Conn. 47, 51, 149 A. 415; *Rosenthal* v. *State Bar Examining Committee,* supra, 417; *Blaney* v. *Standing Committee,* 129 Conn. 51, 56, 26 A.2d 354. This principle applies to cases such as the present, where the issue involves an exercise of the committee's discretion. It does not apply in cases involving specific requirements of the rules as to such things as age, residence, or graduation from an approved school—requirements over which the committee has no discretion. *In re Application of Dodd,* 132 Conn. 237, 244, 43 A.2d 224; *In re Application of Plantamura,* 149 Conn. 111, 114, 176 A.2d 61. Where, as in this case, the decision called in question is within the discretion

of the committee, the court reviews the committee's decision on the record of its proceedings to determine whether it has abused its discretion. The hearing is not one de novo.

Good moral character is a necessary and proper qualification for admission to the bar. See *Fairfield County Bar* v. *Taylor,* 60 Conn. 11, 17, 22 A. 441; note, 64 A.L.R.2d 301. Proof of this is a requirement in every state, and the ultimate burden of proving it may properly be placed, as it is in Connecticut, on the applicant. *Konigsberg* v. *State Bar of California,* 366 U.S. 36, 42, 81 S. Ct. 997, 6 L. Ed. 2d 105; note, 64 A.L.R.2d 301, 311, § 3. Where an applicant, by affidavit or otherwise, has shown, prima facie, to the committee that he is of good moral character, it should consider evidence, if there is any, to the contrary. This may consist of evidence derived from the committee's independent investigation or from the interrogation of the applicant himself. *Konigsberg* v. *State Bar of California,* supra. But the applicant should be given a reasonable opportunity to rebut or explain any adverse evidence. This implies, of course, that he be apprised of what it is. A committee's conclusion that the applicant's moral qualifications fail to meet the required standard must have rational support in the evidence before the committee. *Konigsberg* v. *State Bar of California,* 353 U.S. 252, 266, 77 S. Ct. 722, 1 L. Ed. 2d 810; s.c., 366 U.S. 36, 42, 81 S. Ct. 997, 6 L. Ed. 2d 105; *Cohen* v. *Hurley,* 366 U.S. 117, 122, 81 S. Ct. 954, 6 L. Ed. 2d 156. The requirement of good moral character cannot be used as a means of excluding a candidate where there is no evidence to support or justify a conclusion that good moral character had not been proven. We do not imply that the requirement was so used

in this case. The difficulty here arises primarily out of uncertainties as to what procedure was actually followed.

The court found that the committee's recommendation was based in part on the report of The National Conference of Bar Examiners. This report was not before the court, nor does it appear from the committee's record or the court's finding that the applicant was examined by the committee on the matters contained in the report. We are not able to determine whether, apart from the confidential report, the committee's recommendation, based on other evidence before it, would have been the same. If the report, because of its confidential nature, could not have been placed in the applicant's hands, the matters contained in it dealing with his moral qualifications could have been made known to him sufficiently to enable him to explain or refute them. The court should have taken evidence, in the absence of a transcript of the committee's proceedings, to determine the procedure followed and, if that procedure did not allow the applicant a fair opportunity to rebut or explain the adverse evidence as to his moral character contained in the confidential report, as he claims, the court should have recommitted the report to the committee for further proceedings in conformity with the principles herein set forth. *Application of Burke,* 87 Ariz. 336, 340, 351 P.2d 169; *Coleman* v. *Watts,* 81 So. 2d 650, 654 (Fla.). The applicant's so-called offer of proof was properly excluded by the court. The proper place to present any such explanatory evidence as it purported to contain was in the hearing before the committee. In summary, we state that where a recommendation of a standing committee on recommendations for admission to the bar is

challenged, the court should have before it not only the report of the committee but also an adequate record of its proceedings. The latter may be the application submitted, with supporting documents, and a stenographic transcript of the proceedings of the committee or, if there is no transcript, a summary of the committee's doings in sufficient detail to show the facts developed by the committee, that the applicant had a full opportunity to explain or refute those adverse to him, and his explanation or refutation. The court can then determine whether the committee has acted after a fair investigation and hearing and has exercised its discretion reasonably and without prejudice.

The applicant alleges error in the denial of his claim that the report of the committee containing the additional information which the court on March 11, 1960, ordered it to submit should also have been submitted to a meeting of the bar. When *O'Brien's Petition,* 79 Conn. 46, 55, 63 A. 777, was decided, the procedure differed from that presently provided for by the rule in that an application for admission was referred to the standing committee by the bar instead of by the clerk. That aside, a second referral in the instant case could have served no useful purpose. The committee's recommendation had already been rejected by the meeting of the bar on January 22, 1960, and any further action by the bar could add nothing. The decisive action on the application was a matter for the court. *Heiberger* v. *Clark,* 148 Conn. 177, 185, 169 A.2d 652.

The applicant assigns error in the failure of the court to find that he had met the qualifications relating to education and to the practice of his profession for the requisite length of time in Florida and Illinois. In the instant case those qualifications were

not in issue. The committee based its recommendation solely on lack of moral character, and the correction sought is not material in this case. See *Birdsey* v. *Kosienski,* 140 Conn. 403, 409, 101 A.2d 274; Practice Book § 396; Maltbie, Conn. App. Proc., p. 195.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.