IN THE MATTER OF THE PETITION OF CHARLES L. KELLAR TO REVIEW THE RECOMMENDATION OF THE BOARD OF BAR EXAMINERS THAT HE BE DENIED ADMISSION TO THE STATE BAR OF NEVADA.

No. 4577

January 21, 1963                    377 P.2d 927

[Rehearing denied February 18, 1963]

*Bert Goldwater,* of Reno, and *Howard W. Babcock,* of Las Vegas, for Petitioner.

*Howard L. Cunningham* and *Robert R. Herz,* of Reno, for Respondent Board of Bar Examiners.

# OPINION

*Per Curiam:*

Charles L. Kellar, an applicant for admission to the bar of Nevada, received a passing grade on the 1961 bar examination. He has petitioned this court to review the recommendation of the Board of Bar Examiners that he be denied admission to practice law in Nevada for failure to meet requisite character standards. S.C.R. 57. The Board has answered such petition. This opinion is directed to three preliminary motions presented by Kellar.

1. *The motion to disclose confidential written reports.* The Board requested the National Conference of Bar Examiners to furnish a character report regarding Kellar. It did so upon the express understanding that such report was confidential and for sole use by the Board and this court. The record before us also contains confidential written material from other sources. Kellar asks that all confidential written material be revealed to him, notwithstanding the provision of

S.C.R. 57(2) reading: "If an applicant has failed to qualify in the opinion of the board of bar examiners by reason of failure to meet the character standards required by the board of bar examiners, the applicant shall be entitled to review all of the reports regarding his character submitted by the board of bar examiners except confidential reports."

We have examined the entire record herein with great care. Much of the confidential information reflects favorably upon Kellar's character and fitness to practice law. Some of it is of such a nature as to indicate the advisability of further inquiry of the applicant about the subject matters contained therein. Such inquiry was made during the course of hearings conducted by the local administrative committee of the Clark County Bar Association on January 8 and March 21, 1962 and by the Board of Bar Examiners on July 12 and 13, 1962. Thus, Kellar has already been granted the opportunity to explain and discuss such matters and has done so in considerable detail at said hearings. Our study of the record reveals that every subject of significance contained in the confidential reports and touching upon Kellar's character and fitness to practice law in Nevada was referred to during the mentioned hearings and is, therefore, contained in the nonconfidential or open record of this matter. Under such circumstances, we deny Kellar's motion to disclose the confidential written reports. Cf. Application of Guberman, 90 Ariz. 27, 363 P.2d 617; Application of Warren, 149 Conn. 266, 178 A.2d 528.

2. *Motion to strike certain averments of the Board's answer.* We are requested to strike from the Board's verified answer the fourth and sixth defenses thereof. They relate to statements made by Kellar to the press and during a television broadcast, which accuse the Board of engaging in a course of conduct calculated to exclude negroes from the practice of law in Nevada. It is alleged that the statements were

misleading and false, and made at a time when the instant proceeding was pending before this court; that the statements reflect unfavorably upon the applicant's character as a lawyer and a man and are in violation of Canon 20 of the Canons of Professional Ethics of the American Bar Association as interpreted by the numerical opinions of the Standing Committee on Professional Ethics of the American Bar Association.[1]

The basis for the motion to strike is that the alleged statements were made at a time subsequent to the Board's recommendation to this court and cannot be deemed relevant as they played no part in the Board's conclusion. The Board has resisted the motion to strike, asserting that it should not be foreclosed from directing this court's attention to occurrences believed relevant to the character of an applicant even though they happened after the Board's recommendation was made. Cf. Application of Stone, 74 Wyo. 389, 288 P.2d 767. It is obvious that the Board's recommendation against Kellar's admission to practice law could not have been influenced by the matters sought to be stricken. However, it is equally apparent that occurrences may take place during the interim between Board recommendation and final court determination which may bear upon an applicant's qualifications and fitness to practice law. As the responsibility for admission to the Bar of Nevada is ultimately ours, we prefer to have all information which may be relevant to the issues presented. The allegations sought to be deleted, if true, appear to be relevant. Whether they are true or false, partly correct and partly incorrect, cannot be ascertained by us at this time. The interests of justice are best served by denying the motion to strike and granting Kellar an opportunity to file herein a verified

---

[1]By order of this court dated January 11, 1962, effective February 12, 1962, the Canons of Professional Ethics of the American Bar Association, as amended, and as interpreted by the numerical opinions of the Standing Committee of the American Bar Association, were adopted by reference and made additional rules of professional conduct of the State Bar of Nevada. Canon 20 generally condemns publications by a lawyer as to a pending court matter.

responsive pleading to the said fourth and sixth defenses.[2]

3. *The motion to require the Board to specify particularly the facts supporting its recommendation.* The report of the Board, inter alia, states:

"Your Board recommends that applicant CHARLES L. KELLAR (applicant No. 25) be denied admission to the practice of law in the State of Nevada on the ground of failure to meet character standards for admission to the bar.

"A considerable portion of the applicant's testimony under oath before the Local Administrative Committee for District No. 1 and before the Board of Bar Examiners was evasive and inherently incredible. The applicant has practiced law in the State of Nevada in violation of its statutes and rules of court. When questioned by the Local Administrative Committee for District No. 1 and by the Board of Bar Examiners with regard to these activities and other matters, the applicant was evasive and untruthful under oath. The applicant used unethical tactics to coerce settlement of a lawsuit in which he had a financial interest. Similar tactics have been used by him in conjunction with his application for admission to the Bar. He was uncooperative with, and contemptuous and abusive towards, both the Local Administrative Committee and the Board of Bar Examiners to such a degree as to convince the Board that he lacks respect for law, for duly constituted authority and for the institutions of government.

"In the opinion of the Board the applicant if admitted to practice would not maintain the respect

[2]The second defense of the Board's answer contains a motion to strike allegations of the petition for review that (a) petitioner is a Negro male and that his family consists of his wife and two children; (b) that the State Bar of Nevada has never admitted a person of the Negro race to practice law during the 98 years of its existence. We know that applicant is a Negro, and the record discloses the family unit. We know when the State Bar of Nevada came into existence. Therefore, no purpose is served in ruling on this motion to strike and we decline to do so.

due to the courts of justice and to the judicial officers, nor exhibit the fidelity, honesty, trustworthiness, integrity, candor, and fairness necessary to uphold the dignity and honor of the legal profession."

We are requested to direct the Board to supply a "bill of particulars" as to each of the ultimate fact conclusions quoted. The recorded nonconfidential proceedings before the Administrative Committee and the Board relate to the subjects with which the Board's stated conclusions deal. We do not view the report as a pleading. It is the Board's recommendation and report, and is of sufficient particularity to apprise Kellar of the reasons for the Board's conclusion that he be denied admission to practice. We presume that the briefs and oral argument upon the merits will deal with the particular facts sought to be relied upon by each side. Accordingly, this motion is denied.