In re Application of Vincent G. Dinan for Readmission to the Bar

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued June 5—decided July 23, 1968

*T. Paul Tremont,* with whom were *Althea S. Dinan* and, on the brief, *Samuel Reich,* for the appellant (applicant).

*Joseph G. Shapiro,* special assistant state's attorney, with whom was *Herbert B. Wanderer,* for the appellee (standing committee for Fairfield County on recommendations for admission to the bar).

THIM, J. In 1959, the applicant, on the day following the start of a grievance committee investigation of his professional conduct and that of his associate and father-in-law, Americo Scanzillo, tendered his resignation as a member of the Connecticut bar. Because of the applicant's resignation, the committee terminated its investigation of him. In 1961, the applicant applied for readmission to the Connecticut bar. This application, however, was denied on the ground that the investigation by the grievance committee was incomplete. Accordingly, the applicant requested the grievance committee to resume its investigation of his professional conduct.

Subsequent to the completion of the investigation by the grievance committee, the applicant filed with the Superior Court another application for readmission which was referred to the standing committee on recommendations for admission to the bar. The committee on recommendations held a hearing concerning the application and, on the basis of all the evidence, including the report of the grievance committee, concluded that the applicant was not a fit person to engage in the practice of law. It recommended that his application be denied.

At the hearing before the committee on recommendations, the applicant requested the chairman to disqualify himself because of his adverse testimony relating to the applicant's character which he gave before the grievance committee. This request was denied. The applicant then called the chairman as a witness for the purpose of examining him concerning his testimony before the grievance committee. The committee on recommendations refused to allow the applicant to cross-examine its chairman.

The chairman of the committee on recommendations had testified before the grievance committee that he represented an insurance company in a negligence suit which had been instituted by Scanzillo and the applicant. During the investigation of the accident, the insurance company procured an affidavit from Arthur J. DeFillippo, a part owner of a gasoline station where the accident was alleged to have occurred. In it, DeFillippo avers that Scanzillo, accompanied by a person whom Scanzillo introduced as his son-in-law, went to DeFillippo's station and asked him to sign a false statement concerning the cause of the accident. DeFillippo refused. The chairman testified that when DeFillippo

refused to sign the statement, Scanzillo offered De-Fillippo $50 if he would cooperate. DeFillippo again refused. When the grievance committee inquired of the chairman whether the applicant was present when Scanzillo sought to obtain the false statement, he replied by reading DeFillippo's affidavit: "He then introduced a fellow with him as his son-in-law." The chairman further testified that, when the case was ready for trial, he read DeFillippo's affidavit at a conference in the judge's chambers and accused Scanzillo of attempting to procure a false statement. Although the applicant was present at this conference, he remained silent in the face of the chairman's accusation that his associate attempted to procure a false statement.

The applicant has steadfastly denied that he was present when the attempt was made to procure a false statement from DeFillippo. To confirm his claimed lack of complicity in the attempt to elicit a false statement, the applicant refers to DeFillippo's testimony before the committee on recommendations that DeFillippo did not know the applicant and that the first time he saw him was at the hearing before that committee.

The standing committee relied on the testimony of its chairman before the grievance committee in concluding that "Americo Scanzillo offered money to a witness to sign a false statement explaining the cause of an accident in a case which the firm was handling, and although the applicant was present, he denied all knowledge of the incident."

The applicant objected to the acceptance of the unfavorable report on the ground that the committee failed to afford him a fair hearing by denying him the right to cross-examine the chairman. The court overruled the applicant's objection, accepted

the recommendation of the standing committee, and rendered judgment denying the application.

The dispositive issue on this appeal is whether the court erred in overruling the claim of the applicant that he should have been afforded an opportunity to examine the chairman concerning his testimony before the grievance committee.

"[P]roceedings for admission to the bar . . . are in the nature of investigations by the courts or their representatives to determine whether the candidate is qualified to become an officer of the courts. *In re Application of Dodd,* 131 Conn. 702, 707, 42 A.2d 36; *Rosenthal* v. *State Bar Examining Committee,* . . . [116 Conn. 409, 415, 165 A. 211]; *In re Durant,* 80 Conn. 140, 148, 67 A. 497; *Fairfield County Bar* v. *Taylor,* 60 Conn. 11, 15, 22 A. 441." *Heiberger* v. *Clark,* 148 Conn. 177, 182, 169 A.2d 652. When the standing committee submits its report and recommendation to the court, the court must determine whether the committee acted after a fair investigation and hearing and whether it exercised its discretion reasonably and without prejudice. *In re Application of Warren,* 149 Conn. 266, 276, 178 A.2d 528; accord, *In re Application of Koenig,* 152 Conn. 125, 133, 204 A.2d 33; *Higgins* v. *Hartford County Bar Assn.,* 111 Conn. 47, 51, 149 A. 415. In addition, the court must determine whether the committee conducted its proceedings in a manner which conforms to the requirements of procedural due process. *Schware* v. *Board of Bar Examiners,* 353 U.S. 232, 238, 77 S. Ct. 752, 1 L. Ed. 2d 796.

In certain situations, an applicant for admission to the bar whose application is denied by a character committee is constitutionally entitled to confrontation and cross-examination on issues of fact relating to his character. *Willner* v. *Committee on Character*

& *Fitness,* 373 U.S. 96, 103, 83 S. Ct. 1175, 10 L. Ed. 2d 224. Many states have afforded the rights of confrontation and cross-examination in proceedings to determine one's fitness to practice law. See, e.g., *Application of Levine,* 97 Ariz. 88, 91, 92, 397 P.2d 205; *Moity* v. *Louisiana State Bar Assn.,* 239 La. 1081, 1092, 121 So. 2d 87; *Ex parte Kellar,* 81 Nev. 240, 243, 401 P.2d 616; *Matter of Weiss,* 20 N.Y.2d 696, 697, 229 N.E.2d 443; *Re Application of Crum,* 103 Ore. 296, 301, 204 P. 948; *In re Monaghan,* 126 Vt. 56, 222 A.2d 665. The rights of confrontation and cross-examination are not absolute but are dependent upon the circumstances. In cases in which admission to the bar is to be denied on the basis of character, however, the applicant, at some stage of the proceedings prior to the denial, must be adequately informed of the nature of the evidence against him and be accorded an adequate opportunity to rebut this evidence. Where the denial depends on information supplied by a particular person whose reliability or veracity is brought into question by the applicant, confrontation and the right of cross-examination must be afforded. *Willner* v. *Committee on Character & Fitness,* supra, 107, 108 (concurring opinion). To the extent that *O'Brien's Petition,* 79 Conn. 46, 63 A. 777, is inconsistent with this holding, it is overruled.

The application of these principles to the instant case leads us to conclude that the chairman's testimony relating to the applicant's character should not have been used against the applicant without affording the applicant the opportunity to probe by cross-examination. The attempt by the applicant's associate to procure a false statement undoubtedly gave rise to feelings of hostility on the part of the chairman. In all likelihood, the chairman honestly

concluded that the applicant was implicated in the attempt to commit the serious crime of bribing a witness. The applicant denied any involvement in the attempt, and DeFillippo was unable to identify the applicant as the man who accompanied Scanzillo. These factors brought the reliability of the chairman's testimony into question, and cross-examination was the most effective means for testing the value of his testimony.

Although the finding by the committee on recommendations concerning the applicant's involvement in the attempt to bribe a witness was but one of several findings of serious misconduct, it is apparent that the committee's recommendation was based, at least in part, on that finding.

There is error, the judgment is set aside and the case is remanded with direction to render judgment returning the case to the standing committee for Fairfield County on recommendations for admission to the bar for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.