[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts
The petitioner Casey A. Castro is a 1985 graduate of the California Western School of Law. On June 25, 1987, he was admitted to the Bar of the Commonwealth of Pennsylvania and was a member in good standing there when, in December 1987, he applied for admission to the Connecticut Bar. Mr. Castro achieved a passing grade in the Connecticut Bar exam which was administered in February of 1988.
Because of confusion concerning whether Mr. Castro was applying for admission on motion or admission by examination, his application was initially referred to the New Haven County Standing Committee on recommendations. After this clerical error was discovered, the application was referred back to the Connecticut Bar Association Examining Committee with a favorable recommendation from the Standing Committee. Thereafter, the Connecticut Bar CT Page 1574 Examining Committee conducted an independent investigation. By letter dated August 21, 1989, the Committee notified Mr. Castro that a hearing would be held on September 15, 1989, and that the following items would be considered: (1) failure to respond to inquiries; (2) credit questions; (3) law school incident; (4) negative comments from Tucker Landon.
The minutes of the Connecticut Bar Examining Committee for September 15, 1989 contain the following entry:
 "The matter of the applicant Casey Castro was brought before the Executive Committee. Mr. Castro was required to supply certain documents missing from his application file. Mr. Stamm was to secure a letter of good character concerning the applicant from Palmer Lockard. Decision on admission of Mr. Castro was deferred until receipt of the document to complete the applicant's file."
The minutes of the Executive Committee of the Connecticut Bar Examining Committee for June 8, 1990 contain the following motion:
 "Upon motion duly made by Mr. Whelton, seconded by Mr. Barnett, it was unanimously voted by the remaining members (Barnett, Perlmutter and Whelton) to revoke the improvidently granted admission to the bar granted to Casey Castro, admitting him to the Connecticut Bar. Upon motion duly made by Mr. Whelton, seconded by Mr. Barnett, it was unanimously voted to deny Casey Castro admission to the Connecticut Bar on the basis of a lack of good character and moral fitness."
Discussion
At the outset it is clear that while Mr. Castro bears the burden of proving his good moral character, the Bar Examining Committee must conduct its proceedings in a manner which conforms to the requirements of procedural due process. In Re Application of Dinan, 157 Conn. 67, 71 (1968).
It appears to the court that Mr. Castro was not accorded CT Page 1575 procedural due process. The court takes note of the fact that significant revisions were made to the Bar Examining Committee's rules effective in 1993. There is no current information in the record pertaining to the applicant's present character and fitness. Accordingly, the court finds that it has no alternative but to remand the matter to the Bar Examining Committee for an examination of Mr. Castro's fitness at a hearing in which he is accorded due process in accordance with the 1993 revisions.
The court has examined with some care the rules which were adopted in 1993. It would appear that if those rules were followed at re-hearing, due process would be accorded to Mr. Castro. Since the rules have changed, and since the Committee must examine current fitness, little purpose would be served in an extensive analysis of the procedures used at the earlier hearing.
The court is willing to adopt the definition of good moral character set forth in Article VI-4 of the "Regulations of the Connecticut Bar Examining Committee Edition of 1993." While the court recognizes the necessity of remand to obtain current information, fairness to Mr. Castro warrants several observations.
Since the Committee gave no reasons for its conclusion that Mr. Castro lacked good moral character, it is impossible for the court to analyze the Committee's reasons for denial of admission. Mr. Castro had been informed that the Committee was concerned about the failure to respond to inquiries, credit questions, a law school incident involving an argument over a cup of coffee, and negative comments by Tucker Landon. A review of the transcript of the hearing would appear to indicate that either at the hearing or following the September 15 request for additional information, Mr. Castro satisfied the Committee with regard to providing required information.
Applying the Committee's own definition of good moral character, it is the holding of the court that the law school incident concerning the cup of coffee is insufficient standing alone to support a conclusion of the absence of good moral character. It is further the holding of the court that the letter from Tucker Landon not only is insufficient standing alone to support a conclusion of lack of good moral character but appears in the transcript never to have been directly discussed with Mr. Castro. The treatment of this letter appears to be the most glaring example of a lack of due process at the administrative hearing. CT Page 1576
Accordingly, the court directs the Committee to convene a rehearing on an expedited basis on Mr. Castro's fitness for admission. The court shall retain jurisdiction so that the matter may be promptly resolved. The court directs the 1993 procedural safeguards be fully afforded to Mr. Castro at the re-hearing. At the re-hearing the Committee chairman should assign the matter to members who were not involved in the initial hearing and the applicant should be afforded an opportunity to fully and fairly confront any evidence against him. The Committee may consider Mr. Castro's credit worthiness in its entirety up to and including the date of the new hearing. The Committee may otherwise consider Mr. Castro's good moral character in accordance with its own guidelines contained in Article VI-4. The Committee should not find Mr. Castro to lack good moral character based solely on the law school incident concerning the argument over the cup of coffee nor should it find him unqualified based solely on the comments of Tucker Landon nor should it find him unfit based solely on any combination of the cup of coffee incident and the Tucker Landon letter.
THE COURT
Kevin E. Booth