[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Daniel v. Presnick ["Presnick"] is a disbarred attorney. On or before July 2, 1996, Presnick filed an application to be CT Page 564 reinstated to the bar. The matter was referred the Standing Committee on Recommendations for Admission to the Connecticut Bar for New Haven County ["committee"] which held a hearing on October 3, 1996. On June 24, 1997, the committee issued a report unanimously recommending that Presnick not be reinstated to the bar. Thereafter, pursuant to § 36 of the Connecticut Practice Book, Chief Justice Callahan designated the undersigned judges of the Superior Court to determine whether the application should be granted. A hearing was held on October 9, 1997. By letter dated October 10, 1997, the panel requested a copy of the transcript of the proceedings on October 3, 1996 before the committee as well as any exhibits submitted in connection with the hearing, either at that time or later. These materials were submitted to the panel on or about October 20, 1997. The panel has carefully reviewed these materials.
The transcript of the committee's hearing on October 3, 1996 indicates that the only evidence or argument in favor of reinstatement was from Presnick alone. In support of his reinstatement, Presnick informed the committee of his belief that some of the past incidents he was involved in were related to his medical condition. He further claimed that he was receiving treatment. He offered no medical evidence regarding his condition or treatment, either during or after the hearing.[1] (Tr. pp. 8-9, 27, 30-32, 37, 53-57). Presnick also advised the committee that his doctors believed he was not presently physically able to work full-time. (Tr. p. 53). He also discussed his local political activities and a number of criminal cases pending against him arising from those activities. (Tr. pp. 9-23). There was some discussion regarding a pending dispute over taxes with the IRS. (Tr. pp. 35-37, 58)
The committee also had before it the following exhibits:
(1) Exhibit C, a Memorandum of Decision in Statewide GrievanceCommittee v. Presnick. Superior Court, judicial district of New Haven, docket no. 279311 (Hodgson, J., March 7, 1989), suspending Presnick for one year. In that decision, Judge Hodgson ordered that Presnick "may be re-admitted to practice at the conclusion of the [one year] suspension only if he can demonstrate that he has passed a thorough examination concerning his knowledge of the ethical obligations of lawyers to their clients."[2]
(2) Exhibit D, a letter from Attorney Lawrence Berliner to the committee, calling the committee's attention to a number of CT Page 565 reported cases regarding Presnick which, in his opinion, reflected "a pattern and practice of behaviors and actions which were detrimental to the bar."
(3) Exhibit E, a letter from Attorney Mary M. Galvin to the committee, calling the committee's attention to Presnick's "continuing problems with the Orange Police Department."
(4) Exhibit F, a two-page summary of Presnick's disciplinary history with the Statewide Grievance Committee, along with numerous decisions dating from 1987 through 1990, including all the reported decisions. These decisions indicate, among other things, that in addition to the suspension ordered by Judge Hodgson on March 7, 1989, which continued through the date of the committee's hearing because Presnick had not yet satisfied the condition for readmission imposed by Judge Hodgson, see note 2 infra, Presnick was suspended for two years by Judge Fracasse in an unrelated matter on September 1, 1989. Statewide GrievanceCommittee v. Presnick, Superior Court, judicial district of New Haven, docket no. 261462 (Fracasse, J., Sept. 1, 1989), aff'd216 Conn. 127 (1990). Subsequently, he was disbarred by Judge Fracasse on October 31, 1989 on the ground that he was unfit to practice law. Statewide Grievance Committee v. Presnick,
Superior Court, judicial district of New Haven, docket no. 286877 (Fracasse, J., Oct. 31 1989), rev'd and remanded, 216 Conn. 135
(1990). Upon remand, according to the records of the Statewide Grievance Committee, the sanction of disbarment was again imposed.
"The standard of review in cases involving admission or readmission to the bar has been clear since it was announced by [the Supreme Court] in 1906 in O'Brien's, Petition, [79 Conn. 46], 55-56 [63 A. 777 (1906), overruled on other grounds, In re Applicationof Dinan, 157 Conn. 67, 72, 244 A.2d 608 (1968)] (court merely inquires 'whether the approval of the bar was withheld after a fair investigation of the facts)." Scott v. State Bar ExaminingCommittee, 220 Conn. 812, 823, 601 A.2d 1021 (1992). "[T]he issue before the court is whether the committee . . . in withholding its approval for admission, acted arbitrarily or unreasonably or in abuse of its discretion or without a fair investigation of the facts. Higgins v. Hartford County Bar Assn., 111 Conn. 47, 51,149 A. 415; Rosenthal v. State Bar Examining Committee, supra, 417; Blaney v. Standing Committee, 129 Conn. 51, 56,26 A.2d 354. . . . Where, as in this case, the decision called in question is within the discretion of the committee, the court reviews the committee's decision on the record of its proceedings CT Page 566 to determine whether it has abused its discretion. The hearing is not one de novo." In re Application of Warren, 149 Conn. 266,273-74, 178 A.2d 528 (1962). "When the committee files its report, the court will determine whether the committee acted fairly and reasonably or from prejudice and ill will in its consideration of the application." In re Application of Koenig,152 Conn. 125, 133, 204 A.2d 33 (1964).
When a disbarred attorney moves to be readmitted to the bar, the issue is his or her present fitness to practice law. In reApplication of Pagano, 207 Conn. 336, 345, 541 A.2d 104 (1988). "[M]isconduct, indicative of moral unfitness for the profession, whether it be professional or nonprofessional, justifies . . . exclusion from the bar." In re Peck, 88 Conn. 447, 451, 91 A. 274
(1914). "An applicant for readmission to the bar must be possessed of such standards of honor and honesty and have such an appreciation of the distinctions between right and wrong in the conduct of men toward each other as will make him a fit and safe person to engage in the practice of law. In re Kone.90 Conn. 440, 442, 97 A. 307. Good moral character is a necessary and proper qualification for admission to the bar. Fairfield CountyBar v. Taylor, 60 Conn. 11, 17, 22 A. 441; Grievance Committee v.Broder, 112 Conn. 263, 277, 152 A. 292; note, 64 A.L.R.2d 301. In this state, the ultimate burden of proving good character rests upon the applicant. In re Application of Warren, 149 Conn. 266,274, 178 A.2d 528." In re Application of Koenig, supra,152 Conn. at 132. See Scott v. State Bar Examining Committee supra,220 Conn. at 821.
The committee concluded that "Mr. Presnick has not demonstrated that he is willing to change his conduct toward the bar and judiciary upon reinstatement." Since "[a]n attorney must conduct himself or herself in a manner that comports with the proper functioning of the judicial system," In the Matter ofPresnick, 19 Conn. App. 340, 345, 563 A.2d 299 (1989), the committee's conclusion, based not only on the evidence submitted but also on its observations of Presnick's appearance, demeanor and the manner in which he presented his case, requires considerable deference. See Weiss v. Statewide GrievanceCommittee, 227 Conn. 802, 811, 633 A.2d 282 (1993). Our review of the entire record before the committee convinces us that the committee acted fairly and reasonably and, after providing Presnick a full and fair opportunity to satisfy it that he presently possessed the requisite character for readmission, did not abuse its discretion in recommending that his application for CT Page 567 reinstatement be denied.
Accordingly, this panel approves and accepts the committee's report and its recommendation. The application for reinstatement to the bar is denied.
JONATHAN SILBERT, JUDGE, CHAIR
JON C. BLUE, JUDGE
LINDA K. LAGER, JUDGE