IN RE APPLICATION OF DANIEL V. PRESNICK
(AC 18114)

Foti, Landau and Shea, Js.

Argued February 24—officially released May 4, 1999

*Daniel V. Presnick*, pro se, the appellant (plaintiff).

*Anthony M. Fitzgerald*, with whom was *Thomas J. Sansone*, for the appellee (defendant).

*Opinion*

PER CURIAM. This is an appeal by Daniel V. Presnick, a disbarred attorney acting pro se, from the judgment rendered by the Superior Court denying his application[1] for reinstatement to the bar of this state. Presnick claims that the trial court improperly denied his application because it applied an inappropriate standard in approving and accepting the report of the standing committee on recommendations for admission to the Connecticut Bar for New Haven County (committee). We affirm the judgment of the trial court.

The trial court, which consisted of a three judge panel,[2] held a hearing on October 9, 1997, and filed its memorandum of decision on January 6, 1998. In so doing, the trial court approved and accepted the committee's report and recommendation and denied Presnick's application for reinstatement.[3] The trial court

---

[1] The undated application for reinstatement, filed on or before July 2, 1996, was referred by the trial court, *Licari, J.*, to the standing committee on recommendation for admission to the Connecticut Bar for New Haven County pursuant to Practice Book § 2-53 (a), which provides in relevant part that "[a]ny application for reinstatement or readmission to the bar shall be referred, by the court to which it is brought, to the standing committee on recommendations for admission to the bar that has jurisdiction over the judicial district court location in which the applicant was suspended or disbarred or resigned . . . . The standing committee on recommendations shall investigate the application, hold hearings pertaining thereto and render a report with its recommendations to the court." The committee held a hearing on October 3, 1996. On June 24, 1997, the committee issued a report unanimously recommending that Presnick not be reinstated to the bar.

[2] Pursuant to Practice Book § 2-53 (a), once the trial court receives the committee's report and recommendation, it shall "thereupon inform the chief justice of the supreme court of the pending application and report, and the chief justice shall designate two other judges of the superior court to sit with the judge presiding at the session. Such three judges, or a majority of them, shall determine whether the application should be granted."

[3] Presnick was disbarred on the grounds that he was unfit to practice law. *Statewide Grievance Committee* v. *Presnick*, Superior Court, judicial district of New Haven, Docket No. 286877 (Oct. 31, 1989), rev'd, 216 Conn. 135, 577 A.2d 1058 (1990). On remand, the sanction of disbarment was again imposed. A prior application for readmission was denied in January, 1993.

concluded that its "review of the entire record before the committee [convinced it] that the committee acted fairly and reasonably and, after providing Presnick a full and fair opportunity to satisfy it that he presently possessed the requisite character for readmission, did not abuse its discretion in recommending that his application for reinstatement be denied."

Generally, the trial court must determine whether the committee, in recommending a denial of an application, " 'acted arbitrarily or unreasonably or in abuse of its discretion or without a fair investigation of the facts.' " *Scott* v. *State Bar Examining Committee*, 220 Conn. 812, 818, 601 A.2d 1021 (1992). The readmission process of a disbarred attorney must focus on the issue of present fitness to practice law. *In re Application of Pagano*, 207 Conn. 336, 345, 541 A.2d 104 (1988). The burden of proving fitness is on the applicant. See *In re Application of Warren*, 149 Conn. 266, 274, 178 A.2d 528 (1962).

Presnick claims that the trial court improperly applied the standard that requires an applicant to prove that he is presently fit to practice law. See *In re Application of Pagano*, supra, 207 Conn. 345. Presnick acknowledges that the function of the trial court is simply to determine whether the committee acted fairly and reasonably in considering the application. Presnick alleges, however, that the only objective standard that the com-

---

Prior to his disbarment, Presnick had also been suspended for one year. *Statewide Grievance Committee* v. *Presnick*, Superior Court, judicial district of New Haven, Docket No. 279311 (March 7, 1989), aff'd, 215 Conn. 162, 575 A.2d 210 (1990). The order stated that Presnick "may be re-admitted to practice at the conclusion of the . . . suspension only if he can demonstrate that he has passed a thorough examination concerning his knowledge of its ethical obligations of lawyers to their clients." This suspension continued through the date of the committee's hearing. Additionally, Presnick was suspended for two years in an unrelated matter. *Statewide Grievance Committee* v. *Presnick*, Superior Court, judicial district of New Haven, Docket No. 261462 (Sept. 1, 1989), aff'd, 216 Conn. 127, 577 A.2d 1054 (1990).

mittee and the trial court could properly apply was a standard that would allow him the chance to prove that he was currently fit to practice law by granting him the right to engage in the limited practice of law. We do not agree.

The standard of review in cases involving readmission to the bar was announced in *O'Brien's Petition*, 79 Conn. 46, 55–56, 63 A. 777 (1906). The court merely inquires whether readmission was denied after a fair investigation of the facts. "Because the trial court exercises no discretion, but rather is confined to a review of the record before the [committee], we are not limited to the deferential standard of 'manifest abuse' or 'injustice' when reviewing its legal conclusions about the adequacy of the evidence before the [committee]." *Scott v. State Bar Examining Committee*, supra, 220 Conn. 823.

The record indicates that the only evidence presented in favor of reinstatement was Presnick's own argument. His position was that the conduct that led to his disbarment was the result of a blood sugar condition that was subsequently diagnosed, treated and brought under control. Presnick, however, presented no substantiation of this claim. In addition, he did not act on the committee's offer to hold the hearing open to review such evidence from his physician.

No other evidence of any nature was presented in support of Presnick's current fitness to practice law. Two letters were submitted to the committee, one from attorney Lawrence Berliner and a second from attorney Mary M. Galvin; neither letter favored Presnick's application.

The record is clear that Presnick failed to establish his current fitness to practice before the committee. The judgment of the trial court denying his application was proper.

The judgment is affirmed.