[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Daniel V. Presnick is a disbarred attorney. On November 27, 2000, Presnick filed an application to be reinstated to the bar. A similar application for reinstatement had been filed on July 2, 1997, and, after hearing, was denied by judgment dated January 6, 1998. His current application was referred to the Standing Committee on Recommendations for Admission to the Connecticut Bar for New Haven County which held a hearing on January 25, 2002. On June 22, 2002 the committee issued a report unanimously recommending that Presnick not be reinstated to the bar. Presnick then filed the instant application with this court, and thereafter, pursuant to § 2-53 (a) of the Connecticut Practice Book, Chief Justice Sullivan designated the undersigned judges of the Superior Court to determine whether the application should be granted. A hearing was held on October 8, 2002. A copy of the transcript of the proceedings of January 25, 2002 before the committee as well as exhibits submitted in connection with the hearing were submitted to the undersigned panel. The panel has carefully reviewed all of these materials
The transcript of the committee's hearing on January 25, 2002 indicates that Presnick offered three purported character witnesses, none of whom actually offered any opinion on his suitability to be reinstated to the bar. Mr. Presnick spoke at that hearing and also presented a pro se brief that he had submitted to the United States Court of Appeals for the Second Circuit. He basically repeated the same claims that he made at his prior hearing on reinstatement. He discussed his health but made no claims that his medical conditions contributed to his suspension and eventual disbarment. He offered no evidence regarding his condition or treatment. He also discussed his local political activities.
The committee also had before it the following exhibits: CT Page 14129
A — application for readmission
B — applications waiver of fees and costs
C — order of referral dated November 17, 2000
D — notice of application for readmission in Connecticut Law Journal
E — letter of M.J. McCarthy, Esq. dated February 3, 2001
F — letter of States Attorney Mary Galvin dated December 15, 2000
G — letter of Daniel B. Horwitch dated August 5, 1996
H — printout of case details, Presnick v. Goldberg
I — printout of detail, Aetna Casualty Surety v. Presnick
J — pro-se brief prepared by applicant
K — printout of case detail, Presnick v. Orange Board of Ethics
L — Motion to dismiss dated November 17, 1997 in State of Connecticut v. Presnick, Docket # CV95-10 1944
M — Motion to Dismiss dated May 27, 1997 in State of Connecticut v. Presnick with three docket numbers.
At the hearing before the undersigned, Presnick acknowledged that his medical condition was such that he was not presently able to practice law. He therefore sought a transfer to inactive status. He offered no authority, however, that would allow this panel to adopt such a request without having first granted him a full reinstatement. He also offered no evidence that would justify such a reinstatement.
Presnick was initially disbarred by Judge Fracasse on October 31, 1989 on the ground that he was unfit to practice law. Statewide GrievanceCommittee v. Presnick, Superior Court, judicial district of New Haven, docket no. 286877, reversed and remanded, 216 Conn. 135 (1990). Upon remand, the sanction of disbarment was again imposed.
"The standard of review in cases involving admission or readmission to the bar has been clear since it was announced by [the Supreme Court] in 1906 in O'Brien's Petition, [79 Conn. 46] 55-56 [63 A. 777 (1906), overruled on other grounds, In re Application of Dinan, 157 Conn. 67, CT Page 14130 72, 244 A.2d 608 (1968)] (court merely inquires `whether the approval of the bar was withheld after a fair investigation of the facts')". Scottv. State Bar Examining Committee, 220 Conn. 812, 823, 601, A.2d 1021 (1992). "[T]he issue before the court is whether the committee . . . in withholding its approval for admission, acted arbitrarily or unreasonably or in abuse of its discretion or without a fair investigation of the facts. Higgins v. Hartford County Bar Association., 111 Conn. 47, 51,149 A. 415; Rosenthal v. State Bar Examining Committee., supra, 417;Blaney v. Standing Committee, 129 Conn. 51, 56, 26 A.2d 354 . . . Where, as in this case, the decision called in question is within the discretion of the committee, the court reviews the committee's decision on the record of its proceedings to determine whether it has abused its discretion. The hearing is not one de novo." In re Application ofWarren, 149 Conn. 266, 273-74, 178 A.2d 528 (1962). "When the committee files its report, the court will determine whether the committee acted fairly and reasonably or from prejudice and ill will in its consideration of the application." In re Application of Koenig, 152 Conn. 125, 133,204 A.2d 33 (2964).
When a disbarred attorney moves to be readmitted to the bar, the issue is his or her present fitness to practice law. In re Application ofPagano, 207 Conn. 336, 345, 541 A.2d 104 (1998). "[M]isconduct, indicative of moral unfitness for the profession, whether it be professional or nonprofessional, justifies . . . exclusion from the bar."In re Peck, 88 Conn. 447, 451, 91 A. 274 (1914). "An applicant for readmission to the bar must be possessed of such standards of honor and honesty and have such an appreciation of the distinctions between right and wrong in the conduct of men toward each other as will make him a fit and safe person to engage in the practice of law. In re Kone, 90 Conn. 440,442, 97 A. 307. Good moral character is a necessary and proper qualification for admission to the bar. Fairfield County Bar v. Taylor,60 Conn. 11, 17, 22, A. 441; Grievance Committee v. Broder, 112 Conn. 263,277, 152 A. 292; note, 64 A.L.R.2d 301. In this state, the ultimate burden of proving good character rests upon the applicant. In reApplication of Warren, 149 Conn. 266, 274, 178 A.2d 528." In reApplication of Koenig, supra, 152 Conn. At 132. See Scott v. State BarExamining Committee, supra, 220 Conn. At 821.
The committee concluded that "Mr. Presnick has not shown that he is presently fit to practice law. He has, even now, little appreciation of the wrongfulness of the conduct that resulted in his suspension and disbarment in the first place." The committee, in its report, detailed specific acts of misconduct. The committee questioned him specifically regarding a letter he sent to Judge DeMayo in 1988 regarding a grievance proceeding. Presnick told the Committee he would send the same letter CT Page 14131 again but revise the wording.
It was the unanimous decision of the five members of the committee present at the hearing that Presnick not be recommended for reinstatement. Our review of the entire record before the committee convinces us that the committee acted fairly and reasonably and that, after providing Presnick a full and fair opportunity to satisfy it that he presently possessed the requisite character for readmission, did not abuse its discretion in recommending that his application for reinstatement be denied.
Accordingly, the panel approves and accepts the committee's report and its recommendation. The application for reinstatement to the bar is denied.
 ___________________ JONATHAN E. SILBERT, JUDGE, CHAIR
 ___________________ LLOYD CUTSUMPAS, JUDGE
___________________ HOWARD T. OWENS, JR., JUDGE CT Page 14132