## STATEWIDE GRIEVANCE COMMITTEE *v.* ARTHUR O. KLEIN
### (AC 25455)

Foti, DiPentima and Hennessy, Js.

Argued October 20—officially released December 7, 2004

*Arthur O. Klein,* pro se, the appellant (defendant).

*Stephen F. Donahue,* for the appellee (standing committee on recommendations for admission to the bar for Fairfield County).

*Opinion*

PER CURIAM. The defendant, Arthur O. Klein, appeals from the trial court's judgment denying his second application for reinstatement to the Connecticut bar. On appeal, Klein claims that the court improperly found that he had not demonstrated his present fitness to practice law. We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. In 1974, Klein applied for a license to practice law in the state of Connecticut, presenting himself to the Connecticut bar examining committee as an attorney in good standing licensed to practice law before the United States Patent and Trademark Office and the courts of the state of New York. As a result, he was admitted to practice law in Connecticut in accordance with Practice Book, 1963, § 13, now § 2-13.

On November 30, 1998, following his suspension from the practice of law in the United States Patent and Trademark Office and in New York, Klein was suspended from the practice of law in Connecticut.[1] On April 16, 2001, Klein filed an application for reinstatement, which was denied. Klein filed a second application for reinstatement on April 21, 2003. The court referred the application to the standing committee on recommendations for admission to the bar for Fairfield County (standing committee) to review the request and make a recommendation to the court. On March 3, 2004, the standing committee filed its report with the court recommending denial of the application. The court found that "the ultimate burden [of] proving good character rests upon the applicant. Aside from a presentation for disagreement with past proceedings that have

---

[1] Klein's suspension was affirmed on appeal. *Statewide Grievance Committee* v. *Klein*, 56 Conn. App. 903, 742 A.2d 443 (1999), cert. denied, 252 Conn. 940, 747 A.2d 6 (2000).

brought the applicant to his present situation, the applicant has failed to point to any evidence in the record to demonstrate his present fitness and the requisite character to practice law and to show that he should be reinstated. The applicant failed to show anything to indicate that the standing committee in any way did not act fairly and reasonably or did not act free of prejudice and ill will in consideration of the application. Accordingly, the panel approves and accepts the committee's report and recommendations and the application for reinstatement to the bar is denied."

Generally, the trial court must determine whether the standing committee, in recommending a denial of an application, "acted arbitrarily or unreasonably or in abuse of its discretion or without a fair investigation of the facts." *Scott* v. *State Bar Examining Committee*, 220 Conn. 812, 818, 601 A.2d 1021 (1992). The readmission process of a disbarred attorney must focus on the issue of present fitness to practice law. *In re Application of Pagano*, 207 Conn. 336, 345, 541 A.2d 104 (1988). The burden of proving fitness is on the applicant. See *In re Application of Warren*, 149 Conn. 266, 274, 178 A.2d 528 (1962).

In this case, the record is clear that, in his testimony before the standing committee, Klein failed to establish his present fitness to practice law. As the court properly found, the evidence that Klein presented concerned only the incidents that led to his initial suspension from the United States patent bar and his subsequent suspensions from the New York and Connecticut bars. As of the date of this action, Klein had not been readmitted to either the New York bar or the United States patent bar. Weighing against Klein was a letter dated September 10, 2003, from the Honorable Jack L. Grogins, judge trial referee, stating that "Mr. Klein is not fit for reinstatement" and that he was less than forthcoming in his testimony at a proceeding over which Judge Grogins

recently had presided. On the basis of the foregoing, we cannot say that the standing committee "acted arbitrarily or unreasonably or in abuse of its discretion or without a fair investigation of the facts." *Scott* v. *State Bar Examining Committee*, supra, 220 Conn. 818. As a result, we conclude that the judgment of the trial court denying the defendant's application for reinstatement to the bar was proper.

The judgment is affirmed.