**Lee B. BROOKS, Plaintiff,**

**v.**

**The FAIRFIELD COUNTY COMMITTEE ON RECOMMENDATIONS FOR ADMISSION TO THE BAR et al., Defendants.**

**Civ. No. B–74–370.**

United States District Court,
D. Connecticut.

Feb. 24, 1976.

John D. Jessep, Koskoff, Koskoff, Rutkin & Bieder, Bridgeport, Conn., for plaintiff.

Dion W. Moore, Frederick L. Comley, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendants.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

In this civil rights action for declaratory and injunctive relief, the plaintiff, a disbarred attorney, challenges the constitutionality of Section 25 of the Connecticut Practice Book, both facially and as applied, in his quest for reinstatement to the Connecticut bar. The defendants are the Fairfield County Committee For Recommendations For Admission to the Bar (hereinafter "Standing Committee") and its members. Jurisdiction is premised upon 28 U.S.C. § 1343 for the nine causes of action which are set forth in the complaint pursuant to the provisions of 42 U.S.C. § 1983.

The essential facts as set forth in the moving papers are undisputed. On June 28, 1966, the plaintiff, Lee B. Brooks, was disbarred by the Connecticut Superior Court. No appeal was taken from these proceedings. On July 7, 1972, the plaintiff filed an application for readmission which was referred by the court to the Standing Committee pursuant to Section 25 of the Connecticut Practice Book. After hearings were held, at which the plaintiff was represented by counsel, the Standing Committee, on December 18, 1972, submitted a report recommending that the plaintiff's petition be denied. In February of the following year, the report was amended to include certain exhibits and the Committee's responses to certain additional claims advanced by the plaintiff. On June 19, 1973, a three-judge state court decided to adopt the Standing Committee's recommendation and the plaintiff's application for reinstatement was denied. This decision was not appealed to the Connecticut Supreme Court. Instead, the plaintiff instituted the instant action for redress in a federal forum.

In counts one and two of his complaint, the plaintiff contends that Section 25 is vague and indefinite in violation of the due process clause of the Fourteenth Amendment. The remaining seven counts attack, on due process grounds, the Standing Committee's hearing procedures and its reliance on allegedly incompetent evidence to support the adverse recommendation on the plaintiff's petition for readmission. Since the plaintiff intends to file another application for reinstatement in the near future, and believes he will encounter the same or similar constitutional infirmities when he again is heard by the Standing Committee, he requests federal judicial intervention by way of the convocation of a three-judge district court to declare Section 25 unconstitutional and to enjoin its enforcement. For their part, the defendants move to dismiss or, in the alternative, request the Court to abstain.

The initial question presented is whether a district court of three judges should be convened, pursuant to 28 U.S.C. § 2281, to consider the constitutional claims in question. Although the scope of a single judge's inquiry on this issue is admittedly narrow, it is well established that a three-judge court is not required if the constitutional arguments

are insubstantial. *Hagans v. Lavine*, 415 U.S. 528, 537–538, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). In the present case, it seems clear to the Court that the plaintiff's constitutional challenges are obviously lacking in merit and frivolous.

Section 25 of the Connecticut Practice Act, promulgated by the judges of the Connecticut Superior Court pursuant to Conn.Gen.Stat. § 51–93, reads in pertinent part as follows:

> Any application for reinstatement or readmission to the bar . . . shall be referred, by the court to which it is brought, to the standing committee on recommendations for admission to the bar of the county in which the applicant was suspended or disbarred or resigned, and notice of the pendency of such application shall be given to the state's attorney and the chairman of the grievance committee in such county and to all other attorneys in active practice in it, and it shall also be published in the Connecticut Law Journal. The standing committee on recommendations shall investigate the application, hold hearings pertaining thereto and render a report with its recommendations to the court.

The plaintiff's vagueness claims are based upon allegations that the rule fails to establish standards for reinstatement to the bar (count one) and neglects to set forth guidelines to be followed by the Standing Committee in the conduct of its hearings (count two).

The failure of Section 25 to checklist the due process procedures necessary to implement the "hearing" requirement, however, does not constitutionally invalidate the rule. It is evident that Section 25 has no "potential for sweeping and improper applications." *Gooding v. Wilson*, 405 U.S. 518, 532–533, 92 S.Ct. 1103, 1111, 31 L.Ed.2d 408, 420 (Burger, C. J. dissenting). On the contrary, "[a] State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protec-

tion Clause of the Fourteenth Amendment." *Schware v. Board of Bar Examiners*, 353 U.S. 232, 238–239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796, 801 (1957). The courts of Connecticut recognize this principle and have meticulously applied it in bar admission and readmission cases. For example, in *In re Application of Dinan*, 157 Conn. 67, 244 A.2d 608 (1968), the Supreme Court reversed a judgment of the lower court denying an application for readmission to the bar and ordered the matter returned to the Standing Committee for further hearings consistent with the mandate of due process. In the course of its opinion, the court noted that the Standing Committee must conduct "its proceedings in a manner which conforms to the requirements of procedural due process" and specifically mentioned the applicant's right to be "adequately informed of the nature of the evidence against him and be accorded an adequate opportunity to rebut this evidence." *Id.* at 71–72, 244 A.2d at 610. See also *In re Kone*, 90 Conn. 440, 97 A. 307 (1916) (an applicant for reinstatement to the bar is entitled to "an opportunity to be heard, a fair and dispassionate hearing and investigation, and a reasonable exercise of the judicial discretion"). Under these circumstances, the lack of substance in the plaintiff's claims of unconstitutionality is sufficiently obvious that there is no need "to call on two other judges for reassurance." *Green v. Board of Elections*, 380 F.2d 445, 452 (2 Cir. 1967), cert. denied, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968). See also *Pordum v. Board of Regents of State of New York*, 491 F.2d 1281, 1285–1287 (2 Cir. 1974); cf. *Bigelow v. Virginia*, 421 U.S. 809, 817, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975).

■ The plaintiff next asserts that Section 25 has in the past and will in the future be applied by the defendants in an unconstitutional manner (counts three through nine) and, therefore, this Court should enjoin the enforcement of Section 25 until "constitutional procedural safeguards and constitutional objective criteria can be ascertained and implemented."

(Complaint, p. 12). The short answer to these contentions is that, as previously noted, controlling federal and state case law mandates that the full panoply of procedural rights be afforded applicants who seek readmission to the bar under Section 25. This Court must assume that the defendants will hold Section 25 hearings in conformity with the various due process protections and that, if and when the plaintiff reapplies for admission to the bar, his hearing will be conducted in accordance with applicable constitutional standards. Any failure in this regard may be promptly and effectively remedied within the framework of the state appellate system. Thus, since no justiciable controversy is presented by the allegations of the plaintiff's complaint, federal jurisdiction is lacking and the case must be dismissed. U.S.Const. Art. III, § 2; *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); *Poe v. Ullman*, 367 U.S. 497, 502–507, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); *United Public Workers v. Mitchell*, 330 U.S. 75, 89–91, 67 S.Ct. 556, 91 L.Ed. 754 (1947); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–240, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *Caplin v. Oak*, 356 F.Supp. 1250, 1254–1256 (S.D.N.Y. 1973). See generally Davis, *Ripeness of Governmental Action for Judicial Review*, 68 Harv.L.Rev. 1122, 1326 (1955).

A final comment is appropriate. Count five of the complaint would appear to request federal judicial review of the decision of the state three-judge court not to readmit plaintiff to the practice of law.[1] At oral argument, plaintiff's counsel expressly disclaimed any challenge to the ruling in 1973 which rejected plaintiff's petition for reinstatement. (Tr. pp. 8–9). Cf. *Dash v. Mitchell*, 356 F.Supp. 1292, 1302 (D.D.C. 1972). In any event, an attempt to review the 1973 proceedings in this action would be fruitless not only for lack of indispensable parties but also on grounds of equity, comity and federalism. See *Anonymous v. Association of the Bar of City of N.Y.*, 515 F.2d 427 (2 Cir. 1975); *Erdmann v. Stevens*, 458 F.2d 1205 (2 Cir.), cert. denied, 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972).

Accordingly, the plaintiff's application for the convocation of a three-judge district court is denied; the defendants' motion to dismiss is granted.

---

1. Count five recites, *inter alia*, that in the 1972 hearings the Standing Committee accepted and relied on allegedly incompetent evidence reflecting on the plaintiff's mental condition and financial plight.