STATEWIDE GRIEVANCE COMMITTEE *v.*
DANIEL V. PRESNICK
(13846)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued June 5—decision released August 7, 1990

*Daniel V. Presnick,* pro se, the appellant (defendant).

*Elizabeth F. Collins,* assistant bar counsel, for the appellee (plaintiff).

COVELLO, J. This is an appeal by the defendant, Daniel V. Presnick, an attorney at law, from a judgment of the Superior Court that disbarred him from the practice of law. The principal issues are: (1) whether the statewide grievance committee functions as an unconstitutionally created court in violation of article fifth, § 1 of the Connecticut constitution; (2) whether the court mistakenly ordered a suspension without finding that the defendant had acted out of a corrupt motive or evil intent; (3) whether the court mistakenly imposed a sanction in excess of that ordered by the Appellate Court; (4) whether the court mistakenly denied a motion to dismiss for improper service of process; (5) whether

the judge should have disqualified himself because he had issued orders previously appealed by the defendant; (6) whether the court should have granted the defendant's motion to strike claims concerning an adoption case which had been the subject of a previous presentment action; (7) whether the court should not have disbarred the defendant; and (8) whether the court should have dismissed this action because the defendant was entitled to a hearing on the question of subject matter jurisdiction and an opportunity to comply prior to any sanctions.

The majority of the issues raised by the defendant have been addressed and disposed of in prior appeals. See *Statewide Grievance Committee* v. *Presnick,* 215 Conn. 162, 575 A.2d 210 (1990) (*Presnick I*); *Statewide Grievance Committee* v. *Presnick,* 216 Conn. 127, 577 A.2d 1054 (1990) (*Presnick II*). The only issue remaining is the question of whether the defendant's disbarment was improperly based, in part, on issues that had been the subject of an earlier proceeding. We conclude that this is the case and reverse the decision of the trial court and remand the matter for further proceedings.

The defendant argues that the resolution in his favor of allegations that he mishandled an adoption matter in *Presnick I,* precludes relitigation of this issue here in *Presnick III.* The record discloses that on January 5, 1989, the plaintiff filed a presentment of attorney misconduct, *Presnick I,* alleging, inter alia, that the defendant had failed to obtain an adoption for Kathy Jean Carney after she had engaged him to do so.[1] At the presentment hearing, the defendant argued that he had

---

[1] The statewide grievance committee alleged that Presnick violated, inter alia, Rules 1.5, 1.15 and 8.4 of the Rules of Professional Conduct by failing to inform his client of the basis of his fee, by charging an excessive fee, by engaging in fraud by signing a client's check without consent and by failing to obtain the adoption. *Statewide Grievance Committee* v. *Presnick,* 215 Conn. 162, 164, 575 A.2d 210 (1990).

failed to obtain the adoption because of extensive delays caused by the acts of third parties and the resultant need for significant replication of effort. On March 7, 1989, the trial court concluded that the defendant had violated the Rules of Professional Conduct and ordered his suspension from the practice of law for one year. The trial court, however, specifically concluded that although "[t]he adoption was not completed . . . the Committee did not establish clear and convincing proof that this was due to any action or inaction of Mr. Presnick."

On July 7, 1989, the plaintiff filed another present-ment of attorney misconduct, *Presnick III,* alleging, inter alia, that the defendant had been guilty of violat-ing other rules of professional conduct in his handling of the same adoption matter.[2] The plaintiff in *Presnick III* specifically alleged that the defendant had failed to obtain a timely adoption and had failed to pursue the case diligently. On August 3, 1989, the defendant moved to strike these claims "for the reason that the court has already cleared the defendant of these alle-gations" in the prior hearing.[3] The trial court denied the motion. At the presentment hearing, the defend-ant again argued that any delays were the result of the acts of third parties that caused him significant dupli-

[2] Included in count II of the presentment are the claims that the defend-ant violated Rules 1.1, 1.2, 1.3, 1.4, 3.2, 3.3 and 8.4 of the Rules of Profes-sional Conduct by failing properly to communicate with his client, failing to keep his client informed, making false statements to a judge, failing to pursue diligently and competently an adoption proceeding and failing to abide by a court order.

[3] The defendant attempted to raise the issue of res judicata by way of a motion to strike. "[R]es judicata must be specially pleaded . . . ." Prac-tice Book § 164. Despite this procedural irregularity, the issue of res judicata was considered by the trial court and was briefed and argued before this court without objection by opposing counsel. "This court has often held that the failure to file a special defense may be treated as waived when no objection has been raised to the offer of evidence on the issue." *Pepe* v. *New Britain,* 203 Conn. 281, 286, 524 A.2d 629 (1987).

cation of effort. On October 31, 1989, the trial court found that the defendant had "failed to proceed" and had "failed to act with reasonable diligence and promptness in proceeding with the adoption process." For the violation of these and other Rules of Professional Conduct, the trial court ordered his disbarment.[4] On appeal the defendant argues that the trial court should have struck those allegations relating to the adoption case on the basis of res judicata. We transferred the matter to this court pursuant to Practice Book § 4023.

A comparison of the two records adequately supports the defendant's contention that the statewide grievance committee had the opportunity to, and did in fact, litigate fully the issue of delay, whether ascribable to the defendant or to others, in the earlier proceeding.[5] This being the case, the trial court in the subsequent disciplinary hearing, *Presnick III,* should not have used the defendant's conduct in connection with the Carney adoption as a basis for finding a separate and distinct violation of another section of the Rules, absent a showing that the new violation flowed from facts or circumstances not discovered or discoverable in the exercise of reasonable diligence in the course of the investigation of the first complaint. "The doctrine of res judicata

---

[4] The trial court found that the defendant violated Rule 1.1 by failing to use the skill reasonably necessary to represent his client, Rule 1.2 by failing to abide by his client's decisions, Rule 1.3 by failing to act diligently and promptly in obtaining the adoption, Rule 1.4 by failing to keep his client informed of the proceedings and failing to respond to his client's requests, Rule 3.2 by failing to proceed with the adoption, Rule 3.3 by knowingly making false statements to a judge and Rule 8.4 by a course of conduct demonstrating dishonesty, deceit and engaging in conduct prejudicial to the administration of justice.

[5] It should be noted that under Practice Book § 27B (d) (1), a grievance panel has the power, "[o]n its own motion or on complaint of any person, [to] inquire into and investigate offenses whether or not occurring in the actual presence of the court . . . ." Thus the committee has the power to investigate matters on its own even if they have not been raised directly by the complaint of an aggrieved client.

provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made." *Gagne* v. *Norton,* 189 Conn. 29, 32, 453 A.2d 1162 (1983); see also *Duhaime* v. *American Reserve Life Ins. Co.,* 200 Conn. 360, 364–65, 511 A.2d 333 (1986).

Despite its sui generis character, we see no reason why a presentment should proceed in a piecemeal fashion and why basic concepts of res judicata are not equally applicable to presentment proceedings. "Res judicata, as a judicial doctrine . . . should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being '(1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose . . . . ' " *State* v. *Ellis,* 197 Conn. 436, 465–66, 497 A.2d 974 (1985).

Because the trial court based its sanction, in part, upon allegations that had been litigated in a prior presentment action, the judgment is reversed and the case is remanded to the trial court for reconsideration of the sanction, excluding the findings in connection with the adoption proceeding.

In this opinion the other justices concurred.