[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
FACTS
This case (hereinafter referred to as the "Middletown case") was originally instituted in the judicial district of Middlesex at Middletown in February of 1990. The thrust of the Blonders' argument is that American Home Builders and its officers, Ira and Valerie Heath, negligently failed to construct their home and in so doing breached the contract that existed between the parties. The Blonders, plaintiffs in the Middletown case, seek damages for the alleged defects in the construction of the home. The defendants, American Home Builders and the Heaths, have moved for summary judgment in this action claiming that the issues presented by the Blonders have already been litigated in a separate action and are thus barred by the doctrine of res judicata. To better understand American Home Builders' position, a history of the two cases is necessary.
The first case, on which American Home Builders' claim of res judicata is based, was captioned American Home Builders. Inc. v. Ira Blonder, Docket Number CV 88 0040857 S (hereinafter referred to as the "Tolland case") and was commenced and maintained in the Judicial District of Tolland at Rockville in 1988. The Tolland case was brought to foreclose a mechanic's lien the plaintiff/developer (defendants in this action) had on the home constructed for the defendant/buyer (plaintiffs in this action). In the Tolland case, the Blonders asserted by way of special defense that American Home Builders failed to perform their contractual obligations and therefore were not entitled to foreclose its mechanic's lien. The Blonders attached and incorporated Exhibit A to their Answer and Special Defenses which listed in detail the alleged defects to the property in question.
In the Middletown case, captioned Blonder v. Heath, Docket Number CV 4 52 52, the Blonders filed an eighteen count complaint alleging abandonment of the contract, fraud, breach of contract, fraudulent conveyance, CUTPA violations, negligence, violations of the New Home Warranty Act, and CT Page 94 different theories of imputed liability on which to find the officers of American Home Builders liable.
In the Tolland case, the Blonders sought to amend their answer and file a counterclaim to assert the issues raised in the Middletown case. Memorandum in Opposition to Defendants' Motion for Summary Judgment, Exhibit A[1]. The motion to amend and add a counterclaim was denied. In the Middletown case, American Home Builders filed a motion to dismiss based on the prior pending case doctrine. The court, Higgins, J., denied the motion to dismiss the Middletown case and sua sponte ordered the case transferred from Middletown to Tolland and consolidated with the Tolland case. Memorandum in Opposition to Defendants' Motion for Summary Judgment, Exhibit B. The Middletown case was then transferred to Tolland.
The Tolland case alone was tried before Judge Loiselle. At the beginning of the trial the Blonders' attorney inquired as to whether the Tolland case was consolidated with the Middletown case. Judge Loiselle did not have the file on the Middletown case but decided to proceed and tried the Tolland case, the foreclosure action. No attempt was made, other than that already mentioned, by the Blonders to see that the Middletown case was also heard by Judge Loiselle at the same time that the Tolland case was heard. Memorandum in Opposition to the Defendants' Motion for Summary Judgment, page 3.
The trial of the Tolland case took approximately seven weeks. At the outset of the trial American Home Builders' attorney objected to the introduction of evidence concerning defects to the alleged property not found in Blonders' Exhibit A, based on the court's decision in DuBose v. Carabetta,161 Conn. 254, 287 A.2d 357 (1971). Memorandum of Law in Support of the Motion for Summary Judgment, Exhibit A-3. Judge Loiselle, not wishing to lengthen what he characterized as an already too lengthy trial, overruled the objection but stated that he would consider the issue raised in the objection when writing his decision. Id. Judge Loiselle heard testimony concerning the facts surrounding the foreclosure and those surrounding the defects to the premises.
In Judge Loiselle's memorandum of decision he set forth the holding in the DuBose case stating the DuBose decision required the defendant, when the plaintiff pleads performance of a building contract in insurance policy cases, to specially plead any claimed defect, impropriety or unsuitability. Memorandum in Support of the Motion for Summary Judgment, Exhibit A, page 19. While Judge Loiselle could not find any authority that this rule of pleading should be applied in a foreclosure action, he did find that the reasoning behind the CT Page 95 practice was sound and decided to apply it to the facts of this case. Memorandum in Support of the Motion for Summary Judgment, Exhibit A-3.
After the seven week trial Judge Loiselle rendered his decision in the form of a 36 page memorandum of decision. Judge Loiselle found for American Home Builders, the plaintiffs in the Tolland case, on the mechanic's lien. He then went on to discuss the issues raised by the Blonders in their special defenses. Judge Loiselle applied the reasoning of the DuBose decision to the defendants' special defenses and found that they were entitled to offset the plaintiffs' mechanic's lien by those items that were specially pled in Exhibit A. Judge Loiselle heard the evidence on the defects not listed in Exhibit A and made specific reference to them in his decision but disallowed them based of his interpretation and application of DuBose. No appeal was taken from Judge Loiselle's decision in the Tolland case. Memorandum in Support of the Motion for Summary Judgment, page 6.
The defendants, American Home Builders and the Heaths, specially pled res judicata as a defense and now have moved for summary judgment in the Middletown case, which is still pending before this court, on the that ground. The plaintiffs claim that res judicata should not apply because they have not had the opportunity to litigate those issues not allowed by Judge Loiselle in the trial of the Tolland case. What the Blonders by their own admission are seeking to have tried in the Middletown case are those issues that Judge Loiselle disallowed as setoffs in the Tolland case based on DuBose.
The defendants have filed a memorandum of law in support of their motion for summary judgment pursuant to Practice Book sec. 380. In support of their motion the defendants have also file the following documents:
 1. Amended Complaint dated October 3, 1990; 2. Affidavit of Walter B. Schatz; 3. Consolidated Answers and Special Defenses of the Defendants Ira A. Blonder and Valerie Blonder to Complaint as Amended; 4. Memorandum of Decision by Judge Loiselle; 5. Complaint dated January 5, 1990; 6. Request to Amend Complaint dated November 27, 1990; 7. Answer Special Defenses and Counterclaim dated November 1, 1990; 8. Amended Answer to Amended Complaint dated December 12, 1990; 9. Amendment of Answer Dated November 1, 1990; 10. Reply to Amended First Special Defense of the Defendants Dated August 16, 1991; 11. Motion CT Page 96 for Judgment; and 12. a copy of an order of judgment rendered by Judge Dunn.
The plaintiffs have filed a memorandum of law in opposition to the defendants' motion for summary judgment along with the following documents: 1. Motion for Permission to File Counterclaims and to Summon Additional Parties; and 2. Memorandum of Decision on Motion to Dismiss by Judge Higgins. As required by Practice Book sec. 379, the pleadings are closed as between the parties to the motion.
DISCUSSION
"The summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old Buckingham Corp., 205 Conn. 572, 574,534 A.2d 1172, (1987). "A trial court may appropriately grant a motion for summary judgment only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to a judgment as a matter of law." Catz v. Rubenstein, 201 Conn. 39,48, 513 A.2d 98, (1986). The issue of res judicata is properly raised by a motion for summary judgment. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985).
The doctrine of res judicata is explained in the case of Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360,511 A.2d 333 (1986) as follows:
 The principles that govern res judicata are. . . when a valid and final personal judgment is rendered in favor of the plaintiff: (1) the plaintiff cannot thereafter maintain an action on the original claim or any part thereof. . . Because the operative effect of the principle of claim preclusion or merger is to preclude relitigation of the original claim, it is crucial to define the dimensions of that "original claim." The Restatement (Second), Judgments provides that the claim that is extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a transaction, and what grouping constitute a CT Page 97 series, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit. . . the rule applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action to present evidence or grounds or theories of the case not presented in the first action, or to seek remedies or forms of relief not demanded in the first action.
Duhaime, supra, 364-65 (emphasis added).
The defendants argue that the claims brought by the Blonders in the Middletown case are the same issues as those brought in the Tolland case in which Judge Loiselle has already rendered a decision. The issues attempted to be raise by the Blonders in the Middletown case revolve around the construction of the house that was the subject of the foreclosure action in the Tolland case. The Blonders have attempted to raise different theories such as CUTPA violations and the New Home Warranty Act in the Middletown case, but applying the transaction test as set forth in Duhaime, it is submitted that as long as the second case is based on the same transaction or series of transactions as the first case, the fact that the Blonders raised new theories of liability is immaterial.
"The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made." Statewide Grievance Committee v. Presnick, 216 Conn. 135, 138-39,577 A.2d 1058 (1990) (emphasis added). The Blonders argue that not all the issues were heard in the Tolland case and therefore res judicata does not apply. The issues contained in the Middletown case might have been raised in the Tolland case. Judge Loiselle heard evidence on all the issues raised in both cases and decided to disallow certain items of the Blonders' setoff claim because they failed to plead them. The fact that the Blonders' attorney failed to properly plead all the facts necessary in the Tolland case does not change the fact that they could have and should have been pled and then determined in the Tolland case. If the Blonders disagreed with Judge Loiselle's decision to disallow the items not specially pled, the proper method of attack would have been to appeal that decision rather than attempting to relitigate the issues by way of a second suit. CT Page 98
The Blonders also argue that the parties to the suits are different and therefore res judicata would not apply. Res judicata applies "as to parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." Orselet v. DeMatteo, 206 Conn. 542,544, 538 A.2d 95 (1988) (emphasis added). The only new parties to the Middletown case, still pending before this court, are Ira and Valerie Heath, the officers of American Home Builders. The Heath's, as officers, are in privity with American Home Builders, the plaintiff in the Tolland case.
The purposes behind the doctrine of res judicata are: "1. to promote judicial economy by minimizing repetitive litigation 2. to prevent inconsistent judgments which undermined the integrity of the judicial system; and 3. to provide repose." Statewide Grievance Committee, supra, 139. The trial in the Tolland case took seven weeks. Judge Loiselle heard evidence on all of the claims. The defendants' motion for summary judgment should be granted.
CONCLUSION
The issues presented in the Middletown case arose from the same transaction as did those presented in the Tolland case, namely the construction of the home in question. Judge Loiselle rendered a final verdict in the Tolland case, the defendants' motion for summary judgment should be granted based on the doctrine of res judicata. The issues raised in the Middletown case should have been raised in the Tolland case. There is privity of parties in the two cases. There remains no genuine issues of material fact and therefore the defendants' motion for summary judgment should be granted. Summary Judgment enters for the Defendants.
McWEENY, J.