[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this action to collect condominium common charges and related costs, Defendant has filed a special defense of resjudicata and now moves for summary judgment. The res judicata
defense is based on a prior foreclosure action involving property of the defendant, Richard McKenna [McKenna], which was initially instituted by Thomas J. Tremont Rehabilitation Associates, holder of the applicable mortgage, and Shawmut Bank Connecticut N.A., holder of the first mortgage under General Statutes § 49-1. Plaintiff, Linden Condominium Association [Linden] subsequently joined in the mortgage foreclosure action to foreclose its statutory lien for common charges on the condominium units owned by McKenna. On July 14, 1995, Linden moved for a deficiency judgment pursuant to General Statutes § 49-14 to recover additional common charge assessment fees. This motion was denied, CT Page 8349 without decision for untimeliness as it was not filed within the statutory timeframe.
Linden filed this action on November 29, 1996 for breach of contract alleging that pursuant to a Declaration recorded in Volume 1836 at Page 29 of the Hartford Land Records, Linden is entitled to recover late charges and interest for common charge assessments which are overdue as well as costs and attorney's fees all totalling more than $75,000.
— I —
McKenna argues that the claims and damages sought in the present action mirror those raised in the prior motion for deficiency judgment which was barred for untimeliness, and that under the doctrine of res judicata, these claims which were litigated and decided cannot be reasserted in a separate action. Linden argues that the denial of the deficiency judgment was not a decision "on the merits" and therefore can be reasserted in another forum.
Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. DeMilo Co. v. Commissioner of Motor Vehicles, 233 Conn. 281, 292 (1995). A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. Delahunty v.Massachusetts Mutual Life Insurance Co., 236 Conn. 582, 589
(1996). Claim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made. Scalzo v. Danbury, 224 Conn. 124, 128 (1992).
Linden seeks to recover common assessments and attorney's fees from McKenna pursuant to the Declaration, on a breach of contract theory. The record reflects that although Linden sought to recover the same damages as part of the prior deficiency judgment, the claim was denied for untimeliness of filing. "A decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close." Delahunty v. Massachusetts Mutual LifeInsurance Co., supra, 236 Conn. 591. Res judicata, as a judicial doctrine should be applied as necessary to promote its underlying CT Page 8350 purposes which have been generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose. StatewideGrievance Committee v. Presnick, 216 Conn. 135, 139 (1990).
Our Supreme Court has held that a dismissal based on the running of a statute of limitations "operates as a bar in the jurisdiction in which it is rendered, even if the plaintiff in the second action seeks to change his theory of recovery and to rely on a longer limitations provision." Advest, Inc. v. Wachtel,235 Conn. 559, 570 (1995). We conclude that the doctrine of resjudicata would preclude a party from bringing a second cause of action on a different legal theory when it's first action seeking to recover the same damages was denied for untimely filing in that action, provided of course, it could have properly asserted the claim in the first action.
— II —
Plaintiff argues that it is nevertheless entitled to bring this action because it could not have maintained its claim for a deficiency judgment in the prior foreclosure litigation because the legislature limited General Statutes § 49-1 to mortgage debts and obligations and there is a separate statute, §47-258, authorizing foreclosure of condominium liens.
In Woodlake Condominium #1 v. Adler, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 122878 (December 7, 1995, West, J), an action to foreclose a lien for unpaid condominium assessments under General Statutes § 47-258 the court held that where "the plaintiff neither acquired title to the subject property nor does the value of same bear any relationship to the claimed deficiency . . . the court finds no authority for allowing the plaintiff to seek its claimed deficiency in the present action. Therefore, the plaintiff must rely on a separate action to recover the balance of unpaid common charges."
In the prior foreclosure action, Linden was not a mortgagee, had no title to the subject property and thus, in accordance with at least one Superior Court decision could not have successfully maintained an action for a deficiency judgment. Furthermore, subsection (f) of General Statutes § 47-258 states "This section does not prohibit actions to recover sums for which CT Page 8351 subsection (a) of this section creates a lien . . . ." These considerations are sufficient as a matter of law to preclude granting the motion for summary judgment in this action.
Motion for summary judgment denied.
Jerry Wagner State Trial Referee