[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes to this court as a presentment alleging misconduct by John Timbers of Stamford, Connecticut, not occurring in the actual presence of the court involving his character, integrity and professional standing. The court finds the following facts to have been proven by clear and convincing evidence:
1. On or about May 19, 1981, John Timbers, Juris #101353, was duly admitted as a member of the Bar of the state of Connecticut.
2. On or about March 21, 1991, in Stamford/Norwalk Grievance Panel v.Timbers, Grievance Complaint #89-0818, the Statewide Grievance committee reprimanded the Respondent for violating Rule 3.5 of the Rules of Professional Conduct.
3. On or about August 15, 1991 in Juul v. Timbers, Grievance Complaint No. 90-0545, the Statewide Grievance Committee reprimanded the Attorney Timbers for violating Rules 1.1, 1.2, 1.3 and 1.4 of the Rules of Professional Conduct. CT Page 9455
4. On or about March 18, 1999, in Stamford/Norwalk Grievance Panel v.Timbers, Grievance Complaint #96-0078, the Statewide Grievance Committee reprimanded the Respondent for violating Rules 1.3 and 3.2 of the Rules of Professional Conduct.
5. On or about December 18, 1996 in Statewide Grievance Committee v.Timbers, CV96-0152030 Judicial District of Stamford/Norwalk at Stamford, the Superior Court suspended the respondent from the practice of law for one month for violating Rules 1.15(b) and 8.1(b) of the Rules of Professional Conduct.
6. In 1990, the Respondent agreed to represent Lukken Color Corporation of Greenwich, Connecticut in a patent infringement claim and related litigation.
7. Lukken Color Corporation and the Respondent entered into a contingent fee agreement. This is based on the testimony of Mr. Mahoney pages 14 and 15 and page 143 of the Transcript of November 16, 1999 and Veva Crozier, pages 123 through 127 of the Transcript of November 16, 1999. Both witnesses indicated that they could not afford the hourly rates that they were paying for the litigation and that Mr. Timbers agreed to take it as a contingent matter.
Although Attorney Timbers was reluctant to use the word "contingent", the essence of his testimony, the court finds, was that if he did not recover any money from Lukken, he would not charge a fee. He also believed that they were proceeding on the basis that they were expecting to pay a fee of 1/3. Further, as part of his failure to communicate was the fact that he expected to be paid more than the 1/3. The purpose of a written agreement is to make sure among other things that the parties know what the fee is and that there is no question later on.
8. The contingent fee agreement was not in writing.
9. The contingent fee agreement did not provide for any fee in excess of 33% of the recovery.
10. On or about February of 1995, the litigation was settled and Lukken Color Corporation received approximately $330,000.
11. On or about March of 1995, Lukken Color Corporation paid the Respondent $80,795 in legal fees (See Exhibit # 1).
12. Lukken Color Corporation had previously paid the Respondent approximately $11,000 in legal fees. CT Page 9456
13. Attorney Timbers endorsed and deposited the check (Exhibit #1) in the amount of $80,795 which contained a restrictive endorsement that the payee acknowledges that this is payment in full satisfaction of any and all obligations owed to the him. Mr. Timbers claims that he signed it under duress. He wanted to arbitrate the difference between what was paid and the 1/3, and they refused to do it. He was in financial straits at the time and accordingly, signed this as he claimed under duress. Court finds that he has not proven duress as alleged in his special defenses.
14. On or about December of 1996, Attorney Timbers sued Lukken Color Corporation and its officers for additional legal fees (See Exhibit 2).
15. Looking at the complaint it is difficult to tell what is claimed. The testimony of Attorney Kovacs made it clear that the claim made by Attorney Timbers in their phone call was on a quantum meruit theory done because he had no written retainer agreement. (See pages 106-107 of the Transcript of November 16, 1999).
16. The court finds that the failure to keep Lukken Color Corporation reasonably informed about the status of his fees in the matter constituted a violation of rule 1.4 of the rules of professional conduct. It is clear from the time that Mr. Timbers undertook the services he did not confer concerning the fee. He did not do a written agreement. He did no billings. It wasn't until the case was close to settlement that any discussions took place concerning the fee.
"A lawyer shall keep a client reasonably informed about the status of matter . . .". Rule 1.4(a) of the Rules of Professional Conduct. "A lawyer may not withhold information to serve the lawyer's own interest or convenience." Official Commentary to Rule 1.4 of the Rules of Professional Conduct. "The Commentary accompanying each Rule explains and illustrates the meaning and purpose of the Rule." Scope of the Rules of Professional Conduct at 3. "A lawyer should maintain communication with a client concerning the representation."
Communication with a client, regarding an attorney's fee in a matter, is not excluded from Rule 1.4 of the Rules of Professional Conduct. In another presentment, "[t]he statewide grievance committee alleged that [an attorney] . . . violated, inter alia, Rules 1.5, 1.15 and 8.4 of the Rules of Professional Conduct by failing to inform his client of the basis of his fee, by charging an excessive fee, by engaging in fraud by signing a client's check without consent and by failing to obtain [an] . . . adoption." Statewide Grievance Committee v. Presnick, 216 Conn. 135,136, note 1 (1990) citing Statewide Grievance Committee v. Presnick,215 Conn. 162, 164 (1990). The trial court "concluded that the defendant had violated the Rules of Professional Conduct and ordered his suspension CT Page 9457 from the practice of law for one year." Presnick at 137. Accordingly, the respondent's failure to keep his client, Lukken reasonably informed about the status of his fee in the matter of a patent claim and related litigation, constituted a violation of Rule 1.4 of the Rules of Professional Conduct.
17. The court finds a violation of Rule 1.5(c)
Rule 1.5(c) of the Rules of Professional Conduct provided that:
 "A fee may be contingent on the outcome of the matter for which the service is rendered. . . . A contingent fee agreement shall be in writing and shall state the method by which a fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination."
(Court's Exhibit 1-A)
The contingency fee agreement in the instant case was not in writing. (Transcript 11/16/99 pp. 15, 125 and 11/17/99 p. 8). Attorney Timbers' failure to put the contingent fee agreement in writing constituted a violation of Rule 1.5(c) of the Rules of Professional Conduct.
As part of the summation, Attorney Timbers argued that no one was hurt as a result of this. The court finds substantial evidence to the contrary. In fact, the court finds that as a result of this failure to have the written agreement, Attorney Timbers brought a lawsuit, the defendants had to hire an Attorney they paid approximately $20,000 in legal fees and were forced to defend this case. According to Attorney Timbers' testimony, the case was dismissed at some point.
18. Special Defenses
Attorney John Timbers has filed six special defenses. The defendant has failed to sustain his burden of proof by a fair preponderance of the evidence to each of the special defenses which include the Statute of Limitations, Laches, Failure to State a Claim Under Rule 1.4, an illegal CT Page 9458 and improper presentment, duress and unclean hands.
19. A court disciplining an attorney does so not to punish the attorney, but rather to safeguard the administration of justice and to protect the public from the misconduct or unfitness of those who are members of the legal profession. The court is entitled to take into consideration the American Bar Association's standards for imposing sanctions on lawyers. Aggravating factors may be considered. The court finds under 9.22 Aggravating Factors, which include (a) the prior disciplinary offenses set forth in this memorandum of decision; (b) the selfish motive being the endorsement of the check; (c) in addition, Attorney Timbers has been a member of the bar for approximately 19 years.
Accordingly, Attorney John Timbers is suspended from the practice of law for a period of six months, from August 15, 2000 to February 15, 2001. It is further ordered that Attorney Timbers shall apply for readmission pursuant to the provisions of Practice Book § 2-53. As a condition of consideration for readmission, the applicant shall demonstrate participation in a course in legal ethics and law office management. Attorney Michael L. Goldman of 200 Connecticut Avenue, Norwalk, Connecticut 06854 is appointed pursuant to Practice Book §2-64 to inventory the files of the suspended attorney and to take such action as seems indicated to protect the interest of the attorney's clients.
So Ordered.
KARAZIN, J.