[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
 Facts
The complaint in this mortgage foreclosure action was filed by the plaintiff, Homeside Lending, Inc., on January 24, 2002. In the complaint, the plaintiff alleges, inter alia, that the mortgage note is in default, but does not state how or when the default occurred.
On February 25, 2002, the defendant, Michael P. Martin, filed an answer including a special defense and a two count counterclaim. In the special defense, the defendant alleges that he made all payments as required and that the acceleration of the mortgage debt is wrongful. In the counterclaim, the defendant alleges the following facts. The defendant has repeatedly asked the plaintiff to identify which payment it alleges was not made. The plaintiff told the defendant that the missed payment was for a month for which the defendant was in possession of a canceled check payable to the plaintiff. Subsequently, the plaintiff informed the defendant that the missed payment was for a different month. Despite the defendant's repeated requests, the plaintiff has refused to identify with specificity which payment was allegedly not made. In count one of the counterclaim, the defendant seeks an accounting. In addition, the defendant seeks damages, costs, interest and legal fees.
On March 25, 2002, the plaintiff filed a motion to strike the defendant's special defense and counterclaim. Specifically, the plaintiff moves to strike the special defense on the ground that the defendant's claim of payment is a legal conclusion unsupported by factual allegations. The plaintiff moves to strike both counts of the counterclaim on the grounds that the defendant has failed to state a claim for which relief may be granted and that the defendant's claims do not attack the making, validity or enforcement of the note and mortgage and do not arise out of the same transaction as the underlying foreclosure action. In the accompanying memorandum of law, the plaintiff sets forth additional grounds for the motion to strike, including res judicata.[1] The defendant filed an objection to the motion to strike and a memorandum of law on April 3, 2002.
 Discussion
CT Page 10065
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any . . . counterclaim . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "A motion to strike challenges the legal sufficiency of a pleading. . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted; emphasis in original.) Mingachos v. CBS, Inc.,196 Conn. 91, 108-109, 491 A.2d 368 (1985). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike." (Internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 259, 765 A.2d 505 (2001).
The court will first address the special defense, which reads in full: "The defendant has made all payments as required and the acceleration is wrongful." The plaintiff moves to strike the special defense on the ground that it is a conclusion of law without any supporting facts. "The plaintiff offers no authority, however, for the proposition that an allegation of payment constitutes a mere legal conclusion. Whether the defendant made all of his mortgage payments is a question of fact. If the plaintiff wanted the defendant to make more specific allegations regarding the individual payments made by the defendant, it could have filed a request to revise pursuant to Practice Book § 10-35.
The plaintiff also argues that the special defense is legally insufficient because it does not contain facts that are consistent with the plaintiff's allegations but show, nevertheless, that the plaintiff has no cause of action. Practice Book § 10-50 provides in relevant part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. Thus, . . . payment (even though nonpayment is alleged by the plaintiff) . . . must be specially pleaded. . . ." (Emphasis added.) Because Practice Book § 10-50 requires payment to be specially pleaded, there is no merit to the plaintiff's argument that it is an improper special defense. CT Page 10066
Finally, the plaintiff argues that the defendant's claim of payment is barred by the doctrine of res judicata. Specifically, the plaintiff argues that the issue of whether the defendant made all payments as required was previously resolved in the course of federal bankruptcy proceedings. As the defendant points out, this argument relies on facts outside the pleadings and therefore constitutes an impermissible speaking motion to strike. See Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871
(1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996). The court is limited to the facts alleged in the pleadings. See Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court may not, therefore, consider the additional facts regarding previous bankruptcy proceedings.
Additionally, Practice Book § 10-50 provides that "res judicata must be specially pleaded. . . ." The issue of res judicata is therefore not properly raised by way of a motion to strike. See Statewide GrievanceCommittee v. Presnick, 216 Conn. 135, 137 n. 3, 577 A.2d 1058 (1990). "Matter in avoidance of affirmative allegations in an answer or counterclaim shall be specially pleaded in the reply." Practice Book § 10-57. For this additional reason, the court will not consider the plaintiff's claim of res judicata at this time. The motion to strike the special defense is denied.
Having concluded that the plaintiff has not presented any valid basis for striking the special defense, the court now turns to the counterclaim. With regard to the counterclaim, the plaintiff again argues that the defendant's claims are barred on the basis of res judicata. As stated above, the court will not consider the res judicata argument at this time because it relies on facts outside the pleadings, and because it is not properly raised by way of a motion to strike.
The plaintiff next argues that both counts of the counterclaim must be stricken because they allege only post-default conduct by the parties. Contrary to the plaintiff's assertion, however, neither count of the counterclaim contains any allegations indicating when the alleged wrongful acts by the plaintiff occurred. In addition, as stated above, the complaint contains no allegation as to when or how the alleged default occurred. The court therefore lacks a factual basis for concluding that the counterclaim alleges post-default conduct by the plaintiff. Consequently, there is no factual predicate for the court to consider the plaintiff's claim that counterclaims alleging only post-default conduct are legally insufficient in a foreclosure action.
For these reasons, the motion to strike is denied as to both counts of the counterclaim. CT Page 10067
 Conclusion
For the reasons stated above, the plaintiff's motion to strike the special defense and counterclaim is hereby denied.
Martin, J.